THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* GEORGE BOHNKE, Appellant.
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* ELOISE BROWN, Appellant.

Argued October 17, 1941; decided December 4, 1941.

*Hayden C. Covington* and *Joseph F. Rutherford* for appellants. The ordinance is void because it deprives the appellants of their right of freedom of speech and of the press and freedom of worship in violation of section 1 of the Fourteenth Amendment to the United States Constitution. (*Lovell* v. *City of Griffen,* 303 U. S. 444; *Schneider* v. *State,* 308 U. S. 147; *Cantwell* v. *Connecticut,* 310 U. S. 296; *Hague* v. *C. I. O.,* 101 Fed. Rep. [2d] 774; 307 U. S. 496; *Tucker* v. *Randall,* 18 N. J. Misc. Rep. 675; *Thomas* v. *City of Atlanta,* 59 Ga. App. 520; *People* v. *Banks,* 6 N. Y. Supp. [2d] 41; *Thornhill* v. *Alabama,* 310 U. S. 88; *Carlson* v. *California,* 310 U. S. 106; *Grosjean* v. *American Press Co.,* 297 U. S. 233; *Concordia Fire Ins. Co.* v. *Illinois,* 292 U. S. 535; *Hamilton* v. *Regents,* 293 U. S. 245; *United States* v. *Macintosh,* 283 U. S. 605; *Holy Trinity Church* v. *United States,* 143 U. S. 457; *Davis* v. *Beason,* 133 U. S. 333; *United States* v. *Schwimmer,* 279 U. S. 644.) The ordinance is void because it deprives the appellants of due

process of law in violation of section 1 of the Fourteenth Amendment of the United States Constitution. (*Matter of Maynard*, 275 S. W. Rep. 1071; *City of Columbia* v. *Alexander*, 119 S. E. Rep. 241; *Real Silk Hosiery Mills* v. *City of Richmond*, 298 Fed. Rep. 126; *City of Orangeburg* v. *Farmer*, 181 S. C. 143; *Jewel Tea Co.* v. *Town of Bel Air*, 172 Md. 536; *Prior* v. *White*, 180 So. Rep. 347; *White* v. *Town of Culpeper*, 172 Va. 630; *Hague* v. *C. I. O.*, 101 Fed. Rep. [2d] 774; 307 U. S. 496; *People* v. *Perry*, 265 N. Y. 362; *People* v. *McCauliff*, 267 N. Y. 581; *People* v. *Monnier*, 280 N. Y. 77; *Jay Burns Baking Co.* v. *Bryan*, 264 U. S. 504.) The ordinance is unconstitutional and repugnant to the equal protection of the laws clause of the Fourteenth Amendment to the United States Constitution. (*Truax* v. *Corrigan*, 257 U. S. 312; *Barbier* v. *Connolly*, 113 U. S. 27; *Smith* v. *Cahoon*, 283 U. S. 553; *People ex rel. Tyroler* v. *Warden*, 157 N. H. 116; *People* v. *Ringe*, 197 N. Y. 143; *New York Dugan Bros., Inc.*, v. *City of New York*, 169 Misc. Rep. 209; *City of Watertown* v. *Rodenbaugh*, 112 App. Div. 723; *City of Elgin* v. *Winchester*, 300 Ill. 214; *People* v. *Kuc*, 272 N. Y. 72.)

*Dorothy Kenyon* for American Civil Liberties Union, *amicus curiæ*. If the ordinance be construed as applying to appellants then it is an unconstitutional exercise of the powers of government. (*Meyer* v. *Nebraska*, 262 U. S. 390; *Pierce* v. *Society of Sisters*, 268 U. S. 510; *Hamilton* v. *Regents of University of California*, 293 U. S. 245; *Cantwell* v. *Connecticut*, 310 U. S. 296; *Lovell* v. *City of Griffin*, 303 U. S. 444; *Town of Green River* v. *Fuller Brush Co.*, 65 Fed. Rep. [2d] 112; *City of Orangeburg* v. *Farmer*, 181 S. C. 143; *Jewel Tea Co.* v. *Bel Air*, 172 Md. 536; *Prior* v. *White*, 180 So. Rep. 347; *White* v. *Town of Culpeper*, 172 Va. 630; *City of McAlester* v. *Grand Union Tea Co.*, 98 Pac. Rep. [2d] 924; *DeBerry* v. *City of LaGrange*, 8 S. E. Rep. [2d] 146; *Jewel Tea Co.* v. *City of Geneva*, 291 N. W. Rep. 664; *N. J. Good Humor, Inc.*, v. *Board of Commissioners*, 124 N. J. L. 162; *Hague* v. *C. I. O.*, 307 U. S. 496; *Whitney* v. *California*, 274 U. S. 357.)

*Fred J. Munder, District Attorney (Henry Tasker of counsel), for respondent.* The ordinance is a valid exercise of the police power. (*San Francisco Shopping News Co.* v. *City of South San Francisco,* 69 Fed. Rep. [2d] 879; *Buxbom* v. *City of Riverside,* 29 Fed. Supp. 3; *People* v. *Kuc,* 272 N. Y. 72; *Town of Green River* v. *Fuller Brush Co.,* 65 Fed. Rep. [2d] 112.) Freedom of worship is not affected. (*People* v. *Sandstrom,* 279 N. Y. 523; *Watson* v. *Jones,* 80 U. S. 679.)

*William B. Platt, Jr., Corporation Counsel, Village of Southampton, amicus curiæ.* The correction of the evil reached by the ordinance constitutes a valid exercise of the police power duly delegated to the village. (*Bryant* v. *Zimmerman,* 278 U. S. 63; *International Harvester Co.* v. *Missouri,* 234 U. S. 199; *Clark* v. *Kansas City,* 176 U. S. 114; *Berger* v. *Quinn,* 268 N. Y. Supp. 514; *Brown-Forman Co.* v. *Kentucky,* 217 U. S. 563; *Commonwealth* v. *Gardner,* 133 Penn. St. 284; *Rast* v. *Van Deman & Lewis Co.,* 240 U. S. 342; *Matter of Stubbe* v. *Adamson,* 220 N. Y. 459; *Bacon* v. *Walker,* 204 U. S. 311; *Chicago, B. & Q. R. Co.* v. *Illinois,* 200 U. S. 561.) The classifications and limitations contained in the ordinance bear a reasonable and necessary relation to a valid and proper exercise of the police power. (*Garretson·Co.* v. *Robinson,* 178 Wash. 601; *Brown-Forman Co.* v. *Kentucky,* 217 U. S. 563; *Tribbett* v. *Village of Marcellus,* 293 N. W. Rep. 872; *Olson* v. *State Conservation Com.,* 293 N. W. Rep. 262; *Patsone* v. *Pennsylvania,* 232 U. S. 138; *Bryant* v. *Zimmerman,* 278 U. S. 63; *Tigner* v. *Texas,* 310 U. S. 141.)

*Per Curiam.* Appellants were convicted of a violation of an ordinance of the village of Southampton, which ordinance makes any person guilty of disorderly conduct who, " without the consent of the occupant of said premises previously given," enters upon private residential property in the village for certain purposes, including " the purpose of distributing any handbill, pamphlet, tract, notice or advertising matter." The ordinance states that it is

not to be construed to apply " to any person who has been a *bona fide* resident of the Village of Southampton, New York, for a period of at least six (6) consecutive months last past, nor to any person who has maintained a place of business in the Village of Southampton for a period of at least six (6) consecutive months, prior thereto, or his duly authorized representative." The ordinance contains a " preamble " to the effect that it was enacted pursuant to the village's police power and in order to protect its citizens against crime and preserve the private property, peace and comfort of the occupants of private residences in the village.

On the trial it was established, without dispute, that appellants, who are ordained ministers of their religion and authorized representatives of a publishing house or publishing department of that religion, and who are not within the exceptions of the ordinance as to residence or business place in the village, did, without the previous consent of any householders, circulate religious pamphlets from door to door in the village very early in the morning of July 30, 1940. The sole defense of the appellants was and is the alleged unconstitutionality of the ordinance in that, according to appellants, it is repugnant to the Fourteenth Amendment to the United States Constitution as depriving them of their rights to freedom of religion, freedom of speech, and the equal protection of the laws, and in that it makes an invalid distinction or classification based on residence in or out of the village.

We hold the ordinance valid. It does not prohibit pamphleteering. It regulates pamphlet distribution in private, not public, places, and gives no public officer any power of censoring the pamphlets or licensing, or refusing to license, their distribution. (See *Cox* v. *New Hampshire*, 312 U. S. 569, 574; *People* v. *Kuc*, 272 N. Y. 72, 74; *Town of Green River* v. *Fuller Brush Co.*, 65 Fed. Rep. [2d] 112.) It does not infringe any of appellants' rights to the free exercise of their religion since it merely regulates their entry onto private property for the purpose of promoting

their religious beliefs. It does leave to the pleasure of the individual householder the determination of whether or not pamphlets may be circulated on that householder's premises, but this infringes no right of appellants, since the Constitution does not guarantee them any right to go freely onto private property for such purposes. As to the alleged invalid discrimination in favor of residents, we hold, taking into consideration the statement of purposes contained in the ordinance's preamble, that the distinction is valid in a small village where, presumably, the dangers and annoyances of trespasses or unsolicited visits are less when the trespassers or uninvited visitors are not strangers but known, or easily identifiable and traceable, residents of the community. (See *New York ex rel. Bryant* v. *Zimmerman*, 278 U. S. 63; *Brown-Forman Co.* v. *Kentucky*, 217 U. S. 563, 573; *State Board of Tax Commissioners* v. *Jackson*, 283 U. S. 527, 537.)

The judgments should be affirmed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments affirmed.