Albert A. Rubin, J. Each
of the defendants, Wallcenhorst and Toedtman, was served with a summons for a violation of Village Ordinance 1.13, section 1. While they were separate offenses — Walkenhorst having allegedly committed his at premises 621 North Long Beach Road, and Toedtman’s allegedly at premises 609 North Long Beach Road, both cases have been treated as being identical by defendants’ counsel, David B. Pressman, and for the purposes of this opinion, both cases will be treated together.
The ordinance in question reads as follows:
ORDINANCE 1.13 — SOLICITING ON PRIVATE RESIDENTIAL PROPERTY
Sec. 1-ENTERING UPON PRIVATE PROPERTY. No perSOll shall
enter upon any private residential property in the Incorporated Village of Rockville Centre, Nassau County, New York, for the purpose of vending, peddling, or soliciting an order for any merchandise, device, book, periodical or printed matter whatsoever; nor for the purpose of soliciting alms or a subscription or a contribution to any church, charitable or public institution; nor for the purpose of distributing any handbill, pamphlet, tract, notice, or advertising matter; nor for the purpose of selling or distributing any ticket or chance whatsoever without the consent of the occupant of said premises previously given.
“ Sec. 2 — exception. This ordinance is not to be construed to apply to any person who has been a bona fide resident of the Village of Rockville Centre for a period of at least six consecutive months last past, nor to any person who has maintained a place of business in the Village of Rockville Centre for a period of at least six consecutive months prior thereto, or his duly authorized representative.”
The facts are clear and unequivocal. In precise form they are that on May 24, 1967, defendants were distributing experimental newspapers, door to door, at private residences in the Village of Rockville Centre. Each defendant received a sum *937 mons charging him with violating Village Ordinance 1.13. Distribution was made by affixing the papers to a doorknob with a rubber band and/or depositing the newspaper in a mail box. No charge was made for the newspaper, nor was there any solicitation whatsoever. Neither defendant was a resident of or maintained a place of business in the Village of Rockville Centre, nor was either distributing the paper as a duly authorized representative of a resident or a place of business in the village.
Originally — instead of pleading to the informations — the defendants made a motion to dismiss at the time of their arraignment, and submitted a memorandum of law in support thereof. Subsequently, and prior to any ruling or decision on the motion to dismiss, and prior to pleading, defendants submitted a demurrer, which specifically states the grounds as “ That the fact stated does not constitute an offense ”. Charles Metz, Esq., attorney for the Village of Rockville Centre, submitted a memorandum of law on behalf of the People, and thereafter, on September 19,1967, David Pressman, Esq., presented an oral argument to the court on behalf of the defendants and their submitted demurrer.
On November 21 1967, the court informed defendants’ attorney that the demurrer had been disallowed.
On December 2, 1967, Mr. Pressman advised the court that he would bring the defendants before the court on Tuesday evening, January 16, to enter their respective pleas of not guilty, and at that time move to dismiss on the same grounds set forth in the memorandum of law originally submitted.
On January 16, 1968, defendants, Roy F. Walkenhorst and James S. Toedtman, appeared with their attorney, David B. Pressman, and Charles Metz, Esq., on behalf of the village. On being arraigned the defendants waived a reading of the information and the facts were subsequently stipulated between Messrs. Pressman and Metz in writing.
At the conclusion of oral argument, defendants’ counsel again moved to dismiss the informations on the ground that the ordinance is unconstitutional on its face as being in violation ‘ of the First Amendment to the Bill of Rights and a violation of Sections 6, 8 and 11 of Article I of the Constitution of the State of New York, a violation of the due process XIV Amendment of the United States Constitution, violation of Section 80 of the General Municipal Law of the State of New York as violation of the equal protection under the laws ”. He then added that even if ‘ ‘ .this ordinance is not unconstitutional on its face, that as applied here to a non-commercial distribution under *938 the laws of the United States as shown in the Martin v. City of Struthers [319 U. S. 141] case, this ordinance is unconstitutional as applied herein ’ ’.
Referring to defendants’ contentions that this ordinance violates certain clauses and/or articles of the New York State Constitution, and laws of the State of New York, all as set forth in the defendants’ memorandum of law, similar ordinances have been twice reviewed by the Court -of Appeals.- In the case of People v. Bonke (287 N. Y. 154) and again in the case of Watchtower Bible & Tract Soc. v. Metropolitan Life Ins. Co. (297 N. Y. 339) (which cites and reaffirms Bolmlce) the law was found constitutional and not in violation or in conflict with any other law or laws of the State of New York. This is still the law of the State of New York and defendants’ contention in that respect is not sustained.
Defendants also allege violations of the Constitution of the United States, specifically the First and Fourteenth Amendments. The court is immediately confronted with striking a balance between one citizen’s right of privacy, as against other citizens’ rights of freedom of speech, dissemination of ideas, freedom of press, equal protection of the laws, and, as-raised by the defendants, -also the right of a recipient to receive all information.
Defendants contend that the -ordinance deprives them of freedom of speech. We fail to see that the ordinance in question, which is designed to assist a resident’s right to privacy, is in any way violative of free -speech.
As -a practical test of • this ordinance, what was to prevent these defendants from mailing their literature ? What was to prevent them from hiring a bona fide resident to distribute this literature? What was so sacrosanct about their particular physical presence being used to distribute this particular literature? We are dealing here not with the spoken word but with the written word, and the offense charged is that these defendants were distributing’ the literature themselves, not with what they distributed. It is possible to legally have every house in the village receive a pamphlet, brochure or a paper, or whatever ■the defendants wish to distribute within the confines of this ordinance. Thus the court finds it no problem to dispose of the contention that the defendants’ views could not be expressed and could not be disseminated. Furthermore, nothing in the ordinance prevented or prevents these defendants from distributing these or any other pamphlets at the railroad -station or at other public places, or -even on the streets of the village. The gravamen of the offense is entering upon private property. *939 The object of the ordinance is to protect the resident. The ordinance itself sets forth how distribution can be legally effectuated. Therefore, there was no curtailing of anyone’s views; no curtailing of freedom of speech, and no curtailing of freedom of expression. Nor can the court see where the defendants have been deprived of due process of law.
With reference to the defendants’ contention that the ordinance violates various constitution! rights which they have, and no one would deny that they have these rights, we are confronted with the fact that Rockville Centre is a relatively small community in area, but dense in population, and property owners and tenants in the village, have a right to be free from any trespass by any persons who may wish to come on their premises for the purpose of protesting in any manner or form, either oral or written. They have a right to be free of any inconvenience. Personal delivery of the defendants’ ideas is the objectionable part of the defendants’ conduct which is expressly prohibited by the ordinance. I do not think that Martin v. Struthers (319 U. S. 141) extends to this situation. I do not think that it in any way changed the reasons for the adoption of the ordinance, nor do I believe that judicial fiat should disturb the intent of the legislative body. The court assumes, for the purposes of this opinion, that the reasons for the adoption of the ordinance by the Board of Trustees at the time it was adopted, were valid and would withstand the tests promulgated by the United States Supreme Court. The ordinance was found valid by this court in the case of People v. Manuel (decided on Jan. 4, 1963). The ordinance has been found valid by the Court of Appeals of the State of New York as set forth supra.
As to defendants’ contention that they were engaged in a noncommercial venture, the court fails to see wherein it would differ from a commerical distribution since the purpose of the ordinance is to protect its citizens, both as to their persons and property, from unauthorized entry unto their private residences by those unknown in the community. With respect to defendants’ contention that the ordinance violates the equal protection provisions of the United States and New York State Constitutions, it is-the opinion of this court that the limitations imposed herein are germane to the purpose of the legislation as promulgated in Bohnke (supra) which principles were reaffirmed in the Watchtower case (supra).
Ordnance 1.13, section 1 of the Village of Rockville Centre does not violate the Constitution of the United States or the Constitution of the State of New York.
*940 In summation, the ordinance in question prohibits a person from entering private residential property for the purposes listed in the ordinance, including the distribution of any handbill, pamphlet, tract, etc. An exception is made for persons who have been bona fide residents of the village for at least “6 consecutive months last past”. The defendants do not qualify under the exception.
If defendants wanted to insure the residents’ receipt of the writing they sought to personally distribute, there were other ways they could have legally effectuated this. They could have mailed it, or obtained the services of a bona fide resident of the village for delivery to the households. They chose not to do either of these things, and by personally entering upon private .residential property for the purpose of distributing the writing they violated Ordinance 1.13, section 1.
The defendants’ motions to dismiss are hereby denied.
The defendants, having admitted that they violated the ordinance, the court finds the defendants guilty of violating Ordinance 1.13, section 1 of the Incorporated Village of Rock-ville Centre, and fines them each the sum of $10, which may be paid to the Clerk of this court within 10 days from the date of sending a copy of this opinion to defendants’ attorney who appeared for them herein, by regular mail.