Per Curiam.

Defendants, graduate students at the Pulitzer School of Journalism of Columbia University, were charged with violating Ordinance 1.13 of the Village of Rockville Centre in that they affixed “ a pamphlet newspaper and an oak tag newspaper ” to the door of a private residence. It was stipulated at the trial that the publication involved was an experimental newspaper prepared and written by the defendants and other students as a class project, and that- the said newspaper was in all respects a noncommercial enterprise and was distributed gratuitously as part of the assignment.
The ordinance in question provides in pertinent part that no person, with certain exceptions not here relevant, shall enter upon any private residential property in the said village for the *564 purpose of distributing “ any handbill, pamphlet, tract, notice, or advertising matter * * * without the consent of the occupant of said premises previously given.” Defendants challenge the constitutionality of this provision as well as its applicability, in any event, to the said newspaper. The question of constitutionality poses no problem, since a similar enactment has already passed constitutional muster. (See People v. Bohnke, 287 N. Y. 154; Watchtower Bible & Tract Soc. v. Metropolitan Life Ins. Co., 297 N. Y. 339; cf. Martin v. Struthers, 319 U. S. 141.) However, the People have failed to establish a violation of the ordinance by the defendants. As noted, the statute proscribes the distribution of “ any handbill, pamphlet, tract, notice, or advertising matter.” In our opinion, an experimental newspaper of the kind heretofore described does not come within any of the categories expressly forbidden by statute and may not be deemed included therein by implication. This conclusion is consistent with the familiar rule of construction, as stated in People v. Vetri (309 N. Y. 401, 405-406), that: ‘ ‘ ‘ Acts otherwise innocent and lawful do not become criminal unless there is a clear and positive expression of legislative intent to make them criminal ’ [Citing cases.] In People v. Shakun (251 N. Y. 107, 113-114) the doctrine is set forth as follows: ‘ It is well settled that a criminal statute should be narrowly construed; that acts otherwise innocent and lawful, do not become crimes, unless there is a clear and positive expression of the legislative intent to make them criminal. (People v. Phyfe, 136 N. Y. 554; Burks v. Bosso, 180 N. Y. 341.) In People v. Phyfe, the court said: “ The citizen is entitled to an unequivocal warning before conduct on his part, which is not malum in se, can be made the occasion of a deprivation of his liberty or property.” ’ ” To similar effect, see United States v. Brewer (139 U. S. 278, 288); People v. Caswell-Massey Co., (6 N Y 2d 497); People v. Shifrin (301 N Y 445); People v. O’Gorman (274 N. Y. 284).
Consonant with the foregoing, and under the guiding principle that “ courts may not by forced construction create a crime ” (People v. Stoll, 242 N. Y. 453, 463), it is our conclusion that the defendants have not committed any act within the condemnation of the ordinance under review.
The judgments of conviction should be unanimously reversed on the law and facts, complaints dismissed and fines remitted.
Concur — Hogan, P. J., Coyle and Gulotta, JJ.
Judgments reversed, etc.