THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VIRGIL LAUGHLIN, Defendant-Appellant.

Second District   No. 2—97—0125

Opinion filed December 2, 1997.—Rehearing denied January 2, 1998.

James A. Campion and R. Mark Gummerson, both of Campion, Curran, Rausch, Gummerson & Dunlop, P.C., of Crystal Lake, for appellant.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Gary K. Chan, of Chicago, for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant appeals from his convictions of two counts of indecent liberties with a child (Ill. Rev. Stat. 1979, ch. 38, pars. 11—4(a)(2), (a)(3)) and one count of official misconduct (Ill. Rev. Stat. 1979, ch. 38, par. 33—3(b)). We affirm.

Defendant was a teacher at North Junior High School in Crystal Lake in the late 1970s. As a result of a complaint that defendant had touched the genitals of a student at the school, defendant resigned his position and moved to Omaha, Nebraska, in June 1979 and has lived there since. No charges were brought against defendant until October 1995 after Crystal Lake police interviewed defendant and searched defendant's home in Omaha. Defendant was charged with having sexual contact with three underage boys between August 1977 and June 1979. Defendant was found guilty on three counts following a stipulated bench trial and sentenced to 54 months in the Department of Corrections. This appeal followed.

■ Defendant contends that the tolling provision of section 3—7 of the Criminal Code of 1961 (720 ILCS 5/3—7 (West 1996)) is unconstitutional. In general, charges must be brought within three years of the commission of a felony offense. See 720 ILCS 5/3—5(b) (West 1996). However, the period within which a prosecution must be commenced does not include any period in which the "defendant is not usually and publicly resident within this State." 720 ILCS 5/3—7(a) (West 1996). Defendant was not charged with the offenses of which he was convicted, Class 1 and Class 3 felonies, until 1995, between 16 and 19 years after he had committed the acts.

■ Statutes are presumed to be constitutional, and any reasonable doubts are to be resolved in favor of upholding legislation. *Herbes v. Graham*, 180 Ill. App. 3d 692, 703 (1989). The burden of

demonstrating the invalidity of a statute falls on the party challenging the constitutionality of the legislation. *Rackow v. Human Rights Comm'n*, 152 Ill. App. 3d 1046, 1057 (1987).

■ Defendant first argues that the statute of limitations (720 ILCS 5/3—5 (West 1996)) creates vested rights that are protected by the federal and state constitutions. However, defendant merely quotes from a series of cases discussing the reasoning behind a statute of limitations. Defendant never states what these supposed rights are. We will not research and argue defendant's case for him, and we will not address this argument. See *Nicholl v. Scaletta*, 104 Ill. App. 3d 642, 647 (1982).

■ Defendant next argues that the tolling statute is vague and therefore violative of his right to due process under both the federal and state constitutions. See U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. According to defendant, the language of the tolling provision is vague, with no reasonable explanation of what it means to be "usually and publicly resident within this State." 720 ILCS 5/3—7 (West 1996). However, a party does not have standing to assert the rights of others not before the court. *City of Harvard v. Gaut*, 277 Ill. App. 3d 1, 5 (1996). Here, the uncontroverted evidence showed that defendant lived in Nebraska since June 1979. Any ambiguity that defendant claims is contained in the statute does not apply to him, as he clearly was *not* resident in Illinois, either usually or publicly, since June 1979. Therefore, we find no merit in this argument as applied to the facts in this case.

Defendant next argues that the tolling provision creates an impermissible distinction between Illinois residents and individuals who are not usually and publicly residents, in violation of the equal protection clause of the fourteenth amendment to the United States Constitution and article I, section 2, of the Illinois Constitution. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, § 2. We disagree.

■ Equal protection claims under the federal and state constitutions are subjected to the same analysis. *People v. Shephard*, 152 Ill. 2d 489, 499 (1992). The government must deal with similarly situated individuals in a similar manner. *Shephard*, 152 Ill. 2d at 499. The State may draw lines that treat different classes of people differently, so long as people are not divided into different classes for reasons wholly unrelated to the purpose of the legislation. *Shephard*, 152 Ill. 2d at 499.

If a law creates a "suspect" classification, such as one based on race, or a classification that impinges upon a fundamental right, courts will apply strict scrutiny in their analyses. *Shephard*, 152 Ill. 2d at 499-500. Under this analysis, a statute will not survive unless it

is necessary to promote, and is narrowly tailored to serve, a compelling state interest. *Shephard*, 152 Ill. 2d at 500. A law that does not implicate a suspect classification or a fundamental right will be subjected to the rational basis test, in which a classification need only be rationally related to a legitimate state goal. See *Shephard*, 152 Ill. 2d at 500. Under this test, a court's review of a legislative classification is limited and generally deferential. *Shephard*, 152 Ill. 2d at 502. If any statement of facts can reasonably be conceived to justify the statute, the statute must be upheld. *Shephard*, 152 Ill. 2d at 502.

■ Defendant contends that this court must apply strict scrutiny to the tolling provision, as it impinges upon certain fundamental rights. First, defendant claims that the provision infringes upon his right to interstate travel, a basic constitutional freedom under the fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) and the commerce clause (U.S. Const., art. I, § 8). However, a person who has committed an offense punishable by imprisonment has only a qualified federal right to leave a jurisdiction prior to arrest or conviction. *Jones v. Helms*, 452 U.S. 412, 420, 69 L. Ed. 2d 118, 126, 101 S. Ct. 2434, 2441 (1981). A travel restriction that is *rationally* related to a criminal offense—either to the procedure for ascertaining guilt or innocence, or to the imposition of a proper punishment or remedy—is within the State's power. Therefore, any claimed restriction of travel only requires a rational basis to survive constitutional scrutiny. Second, defendant argues that the provision impinges upon his right to defend himself against charges before the basic facts have been obscured by time. However, a person has no right to be arrested once an alleged violation has occurred. *People v. Lawson*, 67 Ill. 2d 449, 457 (1977). Our supreme court has recognized that preindictment delay sometimes occurs and does not necessarily violate constitutional rights. See *Lawson*, 67 Ill. 2d at 457-58. Furthermore, a statute of limitations is a legislative assessment of relative interests of the state and a defendant in administering and receiving justice. *United States v. Marion*, 404 U.S. 307, 322, 30 L. Ed. 2d 468, 479, 92 S. Ct. 455, 464 (1971). While a defendant has a right to avoid prosecution once the applicable statute of limitations has run, a defendant has no fundamental right to any particular period of limitation. We find no impingement upon any fundamental constitutional right; therefore, we will analyze the tolling provision using the rational basis test. See *Shephard*, 152 Ill. 2d at 500.

We conclude that a rational basis exists for the classification created by the tolling provision. Nonresidents of Illinois are not similarly situated with residents of Illinois. It is more difficult to investigate

and bring to justice an individual who is not usually and publicly a resident in this state. That individual may be anywhere else on earth, in orbit, or in hiding in Illinois. The fact that, in this case, defendant did not attempt to hide when he was in Nebraska or fight extradition is immaterial. The state may direct a law against what it considers to be a problem as it actually exists. *Shephard*, 152 Ill. 2d at 502. Here, we agree that investigating, charging, and prosecuting an individual with a crime is more difficult when the suspect is not within the state. Therefore, the state may treat suspects who live in Illinois differently from those who reside elsewhere. Whether a statute is the best means to achieve the State's desired results is for the legislature, and not the courts, to decide. *Shephard*, 152 Ill. 2d at 503. We conclude that the tolling provision does not violate defendant's equal protection rights.

For these reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

INGLIS and HUTCHINSON, JJ., concur.