# Illinois Official Reports

## Appellate Court

---

### *Kooperman v. City of Chicago*, 2019 IL App (1st) 171056

---

| | |
|---|---|
| Appellate Court Caption | TODD KOOPERMAN, Plaintiff-Appellant, v. THE CITY OF CHICAGO, THE CITY OF CHICAGO DEPARTMENT OF ADMINISTRATIVE HEARINGS, and THE CITY OF CHICAGO DEPARTMENT OF FINANCE, Defendants-Appellees. |
| District & No. | First District, First Division<br>Docket No. 1-17-1056 |
| Filed | March 11, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 16-M1-625851; the Hon. Sophia H. Hall, Judge, presiding. |
| Judgment | Circuit court affirmed in part and reversed in part.<br>Department decision reversed; cause remanded. |
| Counsel on Appeal | Mark G. Weinberg and Adele D. Nicholas, both of Chicago, for appellant.<br><br>Edward N. Siskel, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Kerrie Maloney Laytin, Assistant Corporation Counsel, of counsel), for appellees. |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Griffin concurred in the judgment and opinion.

## OPINION

¶ 1    Todd Kooperman contested a ticket he received for leaving his car parked on the street when the City of Chicago (City) sought to clean the street. The City's Department of Administrative Hearings (Department) held that because the City posted a sign for street cleaning before issuing the ticket, Kooperman violated the street cleaning ordinance. Kooperman sought administrative review and added a count challenging the ordinance as unconstitutional. We hold that the street cleaning ordinance shall be read to require the City to post signs far enough in advance of ticketing to give reasonable notice to persons who try to comply with the ordinance. We reverse the Department's ruling and remand for further proceedings in accord with this opinion.

¶ 2                                    I. BACKGROUND

¶ 3    When Kooperman parked his car on the 2500 block of North Spaulding Street, no sign indicated any restriction on his right to park as he did. He checked the street for parking restrictions again around 6 p.m. on July 25, 2016, and saw no signs. At 10 a.m. the following morning, a police officer issued a ticket informing Kooperman that he violated the street cleaning ordinance by leaving his car parked where he left it.

¶ 4    Kooperman contested the ticket. At the administrative hearing, Kooperman complained that the City did not give him adequate notice that he would violate an ordinance by leaving his car parked in the spot where he parked it legally. The administrative law judge said, "so long as the sign is posted on the day of the violation, the City has met its requirements." Kooperman did not contest the City's claim that it posted a sign on July 26, 2016, the day it issued the ticket. Kooperman paid the $60 fine under protest and filed a complaint for administrative review. He added to the complaint a count asking for a judgment declaring the street cleaning ordinance unconstitutional because the ordinance failed to give adequate guidance and adequate notice to persons who sought to obey the law.

¶ 5    The circuit court held that the evidence supported the Department's decision. The circuit court granted the City's motion to dismiss count II under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2016)), finding that Kooperman waived the constitutional issue by failing to raise it in the administrative proceeding. Kooperman now appeals.

¶ 6                                    II. ANALYSIS
¶ 7                                 A. Standard of Review
¶ 8    For the administrative review count, we review the Department's decision, not the circuit court's ruling. *Ahmad v. Board of Education of the City of Chicago*, 365 Ill. App. 3d 155, 162 (2006). We review the circuit court's dismissal of count II *de novo*. *Marshall v. Burger King*

*Corp.*, 222 Ill. 2d 422, 429 (2006).

¶ 9                                    B. Administrative Review

¶ 10    "[T]he parties to this appeal do not present any factual disputes; only the legal issues are in controversy. Consequently, we are not bound by the administrative agency's conclusions of law or statutory construction and we will review those decisions *de novo*." *Rockwood Holding Co. v. Department of Revenue*, 312 Ill. App. 3d 1120, 1123 (2000).

¶ 11    The street cleaning ordinance provides:

> "(a) For the purpose of facilitating street cleaning, the commissioner of streets and sanitation is authorized to post temporary signs *** designating the day or days of the week and hours of the day and the part of the street or streets in which the parking of vehicles is prohibited because of such street cleaning ***.
>
> (b) It shall be a violation of this section, and shall subject the violator to the fine set forth in Section 9-100-020, to park any vehicle on any street in violation of a sign posted, erected or maintained pursuant to this section." Chicago Municipal Code § 9-64-040 (added July 12, 1990).

¶ 12    Because the ordinance does not specify any length of time the City must leave the sign posted before starting to ticket violators, the Department found that the ordinance did not require any prior notice of the parking restriction to persons who parked legally. That is, under the Department's interpretation, a driver could park legally in an available space, and if the City posted a sign for street cleaning 10 minutes later, the City could immediately issue a ticket fining the driver $60 for violating the ordinance, when the driver had no reasonable means of discovering that leaving his car parked for 10 minutes would violate the ordinance.

¶ 13    Kooperman did nothing with his car after he parked it legally. The United States Supreme Court addressed constitutional requirements for penalizing a failure to act in *Lambert v. California*, 355 U.S. 225, 228 (1957), where the Court said:

> "[W]e deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed. *** Engrained in our concept of due process is the requirement of notice. Notice is sometimes essential so that the citizen has the chance to defend charges. Notice is required before property interests are disturbed, before assessments are made, before penalties are assessed. Notice is required in a myriad of situations where a penalty or forfeiture might be suffered for mere failure to act. Recent cases illustrating the point are *Mullane v. Central Hanover Trust Co.*, [339 U.S. 306 (1950)]; *Covey v. Town of Somers*, [351 U.S. 141 (1956)]; *Walker v. Hutchinson City*, [352 U.S. 112 (1956)]. These cases involved only property interests in civil litigation."

¶ 14    Later, the Supreme Court added:

> "[B]ecause we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972).

¶ 15     The Department interpreted the ordinance as providing no requirement of notice, giving the City "unbridled discretion" (*Gillam v. Landrieu*, 455 F. Supp. 1030, 1038 (E.D. La. 1978)) to impose fines for leaving a car parked in a space where the driver legally parked his car. The administrative law judge's interpretation raises doubts as to whether the ordinance provides constitutionally required notice that the passive conduct of leaving the car parked will violate the ordinance.

¶ 16     A statute should be interpreted to promote its essential purposes and to avoid, if possible, a construction that would raise doubts about its validity. "Statutes are presumed constitutional, and courts have a duty to construe enactments by the General Assembly so as to uphold their validity if there is any reasonable way to do so." *Wade v. City of North Chicago Police Pension Board*, 226 Ill. 2d 485, 510 (2007). Courts have "the authority to insert into a statute language omitted through legislative oversight." *People v. Shephard*, 152 Ill. 2d 489, 498 (1992).

¶ 17     The City of Englewood, Colorado, adopted an ordinance that read:

> "It shall be unlawful for any person to resist any police officer, any member of the police department, or any person duly empowered with police authority, while in the discharge or apparent discharge of his duty, or in any way to interfere with or hinder him in the discharge of his duty." (Emphasis omitted.) *City of Englewood v. Hammes*, 671 P.2d 947, 948 n.1 (Colo. 1983) (*en banc*).

¶ 18     The Wisconsin Supreme Court interpreted a statute regarding temporary restraining orders in *Bachowski v. Salamone*, 407 N.W.2d 533 (Wisc. 1987). The court said:

> "We acknowledge that no minimum notice period is specified in the statute but we must interpret the statute to avoid constitutional invalidity. [Citation.] Because an alternative construction would render the statute unconstitutional, we construe notice to mean 'reasonable notice,' which is all that is required by due process. [Citation.] The notice must be 'reasonably calculated to inform the person of the pending proceeding and to afford him or her an opportunity to object and defend his or her rights.' " *Bachowski*, 407 N.W.2d at 536 (quoting *In re Estate of Fessler*, 302 N.W.2d 414, 419 (1981)).

See also *Kansas City, Kansas Fraternal Order of Police, Lodge No. 4 v. City of Kansas City, Kansas*, 620 F. Supp. 752, 757-59 (D. Kan. 1984) (construing ordinance to implicitly incorporate provisions for due process); *State v. Hunter*, 9 P.3d 872, 878 (Wash. App. 2000) (finding implicit limitation on fines so that statute "meets constitutional requirements").

¶ 19     To avoid doubts about the constitutionality of the ordinance, we must interpret the ordinance to require reasonable notice to drivers who parked their cars legally prior to the posting of signs that restrict parking. The signs must remain plainly visible along the street for a length of time "reasonably calculated to inform" drivers that they will violate the ordinance if they leave their cars parked after a specified hour on a specified day. We hold that putting up signs less than 16 hours before ticketing does not provide reasonable notice.

¶ 20     We find that the ordinance shall be read to require at least 24 hours' notice through the posting of signs. The street clearing ordinance as a whole clearly contemplates that drivers will be provided with reasonable notice. The ordinance provides that it is a defense to a parking ticket "that the relevant signs prohibiting or restricting parking or standing were missing or obscured." Chicago Municipal Code § 9-100-060(a)(3) (amended Nov. 21, 2007). This

defense is clearly based on lack of notice. The ordinance also reflects the City's understanding about what would be reasonable.

¶ 21 Section 9-64-040(d) of the ordinance provides "[n]o towing or storage fees shall be assessed in those instances in which a vehicle is towed to an authorized facility pursuant to this section, unless the sign posted or erected pursuant to subsection (a) of this section has been in place for 24 hours." Chicago Municipal Code § 9-64-040(d) (amended Nov. 13, 2007). While section 9-64-040(a) does not provide a period of time for which signs must be posted before the City can begin ticketing for the purpose of street cleaning, to ensue fundamental due process, we construe the ordinance as requiring this same notice before cars are ticketed. The City admits that it schedules the cleaning of each street months in advance. Thus, the City would not incur any undue burden from posting the signs 24 hours prior to ticketing. We hold that the ordinance shall be read to require that a sign must be posted for at least 24 hours before the City can start ticketing for the purpose of street cleaning. Accordingly, we reverse the agency's decision and remand to the Department for proceedings in accord with this opinion.

¶ 22                                    III. CONCLUSION

¶ 23 The administrative law judge misconstrued the street cleaning ordinance in a way that raises serious questions as to the ordinance's constitutionality. We hold that the ordinance incorporates a requirement that the City must post signs about impending street cleaning far enough in advance that persons who parked their cars legally on the street get reasonable notice that they must move their cars by a specified hour on a specified day. We find that the signs posted less than 16 hours before ticketing did not provide the requisite reasonable notice. We hold that the ordinance shall be read to require that a sign must be in place for at least 24 hours before the City can start ticketing for the purpose of street cleaning. Accordingly, we reverse the circuit court's decision, affirming the administrative law judge's ruling, and remand for further proceedings. We find that the ordinance is constitutional with reasonable notice, and therefore, we affirm the dismissal of count II of Kooperman's complaint.

¶ 24 Circuit court affirmed in part and reversed in part.

¶ 25 Department decision reversed; cause remanded.