THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD NUNEZ, Defendant-Appellant.

Fourth District   No. 4—89—0268

Opinion filed April 24, 1990.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

Defendant, Richard Nunez, was convicted of bringing contraband into a State penal institution (Ill. Rev. Stat. 1987, ch. 38, par. 31A—1.1) and sentenced to one year of probation, with 120 days to be served in the Livingston County jail. A recoupment order of $875 was entered under section 113—3.1 of the Code of Criminal Procedure of 1963 (Code), to be deducted from his $1,500 bond deposit. (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1.) On appeal, defendant argues the recoupment order was improper because (1) the amount of recoupment was not reasonable, (2) defendant did not have the ability to pay, and (3) the judge did not consider an affidavit of assets and liabilities as required by statute.

The State argues that because defendant raises these issues for the first time on appeal, he has waived them. We agree. Additionally, we disagree with defendant on the merits, except as to an error in calculation of the amount of the recoupment order.

The record shows that defendant posted a $1,500 bond on December 12, 1988. At a hearing on December 19, 1988, the court informed defendant of the charges and questioned him as to his age, residence, and financial situation. During this questioning, defendant stated he was not married, had no dependents, owned no car, real estate, or any other property worth more than $500. Defendant said he lived with his mother and was unemployed. He also testified that the money used to pay the bond came from family and friends. At this hearing, the court, due to a potential conflict of interest, replaced the public defender, who had been defendant's counsel, with an appointed private attorney, Gary Neville.

At defendant's sentencing on March 27, 1989, defendant testified he completed an affidavit when he requested court-appointed counsel. He further testified that, with the exception of a $300 anticipated tax refund, he had no greater assets at the time of the sentencing than when he completed the affidavit. The record does not include this affidavit. The presentence report stated defendant was 25 years of age, had posted a $1,500 bond, had obtained his general equivalency diploma while in prison, was unemployed, had no debts or assets, and was in good physical health.

At sentencing, the court again asked defendant who posted his bond. He replied, "parents." The prosecution then stated it was filing

a motion requesting that defendant be required to reimburse the county for the services of Neville. There was no objection by defendant, and the court stated it would defer ruling on this issue until "some later point." A short time later, during this same hearing, the prosecution again brought up the issue of attorney fees. The following colloquy took place:

"[PROSECUTOR]: What is the court's order on attorney fees?

THE COURT: The court is going to go ahead because I don't know what is going to happen. I am going to—if, in fact, notices of appeal are filed. Are you asking they be filed in behalf of each of the defendants?

MR. NEVILLE: Yes.

THE COURT: Then I will go ahead and direct that. I will direct that the clerk file a notice of appeal in behalf of each of the defendants. I will appoint the Appellate Defender to represent them.

And I would ask Mr. Neville to file an itemized statement of his time and services to the defendants in this case. Once that is done, we will then hold a hearing on the state's motion.

[PROSECUTOR]: Okay.

THE COURT: As to whether Mr. Nunez should be responsible for any attorney fees or not."

At no time did defendant object or make any statement addressed to any assessment that might be made against him for the services of his court-appointed counsel.

The record contains an itemized list of services provided by Neville which indicates that he worked a total of 11 hours for defendant, both in and out of court. Defendant was duly notified of the hearing regarding the motion for attorney fees, but he failed to appear. Neville and the State's Attorney were present. The court found Neville devoted 11 hours to defendant's case and calculated attorney fees at $75 per hour. Defendant's ability to pay was based on the $1,500 bond deposited on his behalf. The court ordered defendant to pay $875 for attorney fees and ordered that sum to be paid from defendant's bond.

■■ Section 113—3.1 of the Code provides for reimbursement by defendants for legal representation in cases in which the court appoints counsel to represent a defendant under section 113—3 of the Code. (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1.) This sum must be reasonable, and, in a hearing to determine the amount, the court is directed to "consider the affidavit prepared by the defendant *** and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties." Ill. Rev. Stat. 1987,

ch. 38, par. 113—3.1(a).

■ As stated earlier, defendant is objecting to this recoupment order for the first time on appeal. Accordingly, this issue is waived unless the plain error rule applies. (See 107 Ill. 2d R. 615(a).) For the reasons discussed in a recent decision of this court, *People v. Baker* (1990), 195 Ill. App. 3d 785, we decline to apply the plain error rule to this case. As stated in *Baker*, "[Defendant] sat on his rights at the trial level; he should not be permitted to challenge the court's recoupment order at this stage." *Baker* (1990), 195 Ill. App. 3d at 790.

On the merits, the defendant's arguments are groundless. Defendant claims that section 113—3.1 of the Code requires the court to consider the affidavit he prepared when he sought the services of court-appointed counsel. Although defendant testified at the sentencing hearing that he prepared such an affidavit, it is not part of the record on appeal. Based upon this absence, defendant argues that this court should remand the case so that the trial court could have the affidavit before it when it considers whether to enter a recoupment order.

■ Affidavits prepared to support a request for court-appointed counsel possess no magical properties. In directing the court to consider such an affidavit when entering a recoupment order, the legislature was not concerned that the court have before it some unique document, but instead was concerned that the court possess the information normally contained in that document, such as a particular defendant's assets and liabilities, his age, residence, work record, dependents, *et cetera*. Where, as here, this information comes before the court through other means, such as defendant's testimony and the presentence report, the intent of the legislature has been fulfilled. To hold otherwise would be to elevate form over substance.

■ Defendant also argues that he does not have the ability to pay the recoupment order. As we observed in *Baker*, this is a most peculiar argument because defendant has, in fact, *already paid* it. (*Baker* (1990), 195 Ill. App. 3d at 794.) Defendant had previously posted a bond of $1,500, and the court ordered $875, the amount of the recoupment order, deducted from the bond posted before it was returned to defendant. As we held in *Baker*, "a cash bond posted to secure the release of a defendant is definitive evidence of his 'ability to pay' a recoupment order as long as the recoupment order does not exceed the amount of the cash bond. *** No further evidence concerning the defendant's 'ability to pay' under these circumstances is required." *Baker* (1990), 195 Ill. App. 3d at 796.

■ Defendant's last argument is that the amount of the recoupment order, $875, is not reasonable. The recoupment order arose from

a bench trial in which defendant was convicted of bringing contraband into the Pontiac Correctional Center. The trial judge who entered the recoupment order was the same trial judge who presided at defendant's trial. The trial judge was fully aware of defendant's financial circumstances and possessed, as well, an affidavit of defendant's court-appointed counsel, showing he expended 11 hours on defendant's case. Even though the State's Attorney recommended a recoupment order at the rate of $20 per hour, the trial court decided to base its order on the figure of $75 per hour.

At first blush, it is difficult to see how this judgment amounts to an abuse of discretion. Defendant was convicted of bringing contraband, *i.e.*, cannabis, into a State penal institution, a Class 4 felony. (See Ill. Rev. Stat. 1987, ch. 38, pars. 31A—1.1(c)(2)(ii), (d).) The statute in question, section 113—3.1(b) of the Code, provides that a recoupment order in a felony case may be as much as $5,000. (Ill. Rev. Stat. 1987, ch. 38, par. 113—3.1(b).) Furthermore, there is nothing inherently unreasonable about deciding that an attorney's time spent defending a felony charge in a bench trial is worth $75 per hour. In his brief before this court, defendant concedes as much: "Although $75 per hour may accurately reflect the cost of the legal services to the county, 'reason may require that only partial recoupment be ordered.' " We conclude no such "reason" appears in this case.

The crux of defendant's argument concerning the $875 recoupment order is that it may exceed, in this case, the claimed costs of the county in providing court-appointed counsel. Aside from the absence in the record of either any indication as to what defendant's court-appointed counsel was paid by the county for his services or evidence of the costs incurred by the county in providing such services, there is a quicker answer to defendant's argument: it is not his business. Had the legislature intended recoupment orders entered under section 113—3.1 of the Code to be inextricably linked to sums paid to court-appointed counsel under section 113—3 of the Code, it could have said so.

Section 113—3.1 of the Code is a complete legislative scheme unto itself. We decline to judicially amend that section to require, as defendant argues, that the recoupment order must be limited to reimbursing the county for its actual, documented expenditures. Our judgment in this regard is strengthened by the legislative history of section 113—3.1(a) of the Code. As originally enacted, it read as follows:

> "Payment for Court-Appointed Counsel. (a) Whenever *** the court appoints counsel to represent a defendant, the court may order the defendant to pay *** a reasonable sum to reimburse

\*\*\* the county \*\*\* *for some or all of the costs of court-appointed counsel."* (Emphasis added.) Ill. Rev. Stat. 1983, ch. 38, par. 113—3.1(a).

Less than 1½ years after section 113—3.1 of the Code was enacted, this court construed it in *People v. Bramlett* (1983), 118 Ill. App. 3d 1056, 455 N.E.2d 1092, as follows:

"A fair reading of [section 113—3.1(a)] reflects that reimbursement may not exceed the county's actual cost in providing counsel for a defendant. The trial court is vested with discretion to compute a reasonable sum, equal to some or all of the county's cost in providing counsel, according to the circumstances of the individual case and defendant.

\*\*\* [R]eimbursement under section 113—3.1 must be computed with reference to the county's cost of providing the services of the public defender, rather than the value of the legal services as such." *Bramlett*, 118 Ill. App. 3d at 1062, 455 N.E.2d at 1095.

It should be noted that this court's holding in *Bramlett* is essentially what defendant is arguing in the present case. That the *Bramlett* decision was contrary to what the legislature intended was made clear in the very next plenary session of the Illinois General Assembly, when section 113—3.1(a) was amended by Public Act 84—693, as follows:

"Payment for Court-Appointed Counsel. (a) Whenever \*\*\* the court appoints counsel to represent a defendant, the court may order the defendant to pay \*\*\* a reasonable sum to reimburse \*\*\* the county \*\*\* *for such representation."* (Emphasis added.) Ill. Rev. Stat. 1985, ch. 38, par. 113—3.1(a).

Under section 113—3.1 of the Code as amended, the amount of the recoupment order is left to the sound discretion of the court, and we find no abuse of that discretion in this case.

■■ The State concedes, however, that the final calculations of the trial court were incorrect. The record indicates that the attorney fee was based on a rate of $75 per hour. Since the finding was that the attorney worked 11 hours for defendant, the recoupment order should have been $825, not $875. We therefore modify the recoupment order to the amount of $825; we find it was otherwise reasonable in amount and properly entered.

Accordingly, we affirm the decision of the trial court as modified.

Affirmed as modified.

KNECHT, P.J., and McCULLOUGH, J., concur.