THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CLIFFORD G. MAXON, Defendant (James Segrist, Intervenor-Appellant).

Fourth District   No. 4—00—0422

Opinion filed February 7, 2001.

Janet R. Sheley Heflin, of Thomas, Mottaz, Eastman & Erthal, of Alton, for appellant.

Richard J. Ringhausen, State's Attorney, of Jerseyville (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Intervenor James Segrist appeals an order of the circuit court of Jersey County denying his motion to vacate a portion of a probation order. That order applied a cash bond posted by Segrist to appointed counsel fees incurred by defendant, Clifford Maxon. We affirm.

## I. BACKGROUND

The State charged Maxon with numerous felony offenses. In March 1998, the trial court appointed counsel to represent Maxon. On May 29, 1998, appellant James Segrist, M.D., posted a cash bond for Maxon in the amount of $24,500. The written bail bond did not reflect the source of these funds. On June 26, 1998, a bond assignment was executed by Maxon to Segrist. On December 23, 1998, Maxon entered a negotiated plea of guilty and was placed on probation. Conditions included payment of a probation fee of $150, restitution of $4,940, and a fine of $500. The written order of probation provided that all costs, fines, restitution, and attorney fees were to be paid from the bond posted. The trial court ordered appointed counsel to submit an affidavit of time spent in representing Maxon. Counsel's affidavit stated that counsel spent a total of 427.25 hours on Maxon's behalf. In his motion for payment of fees filed on February 11, 1999, counsel stated that he charged $45 per hour for his time. He multiplied his time spent by his hourly charge and asked for fees of $19,226.25 and costs advanced of $54.70, for a total award of $19,280.95.

On January 11, 1999, Segrist filed a motion to vacate a portion of the probation order, alleging that no reimbursement for public defender fees should have been taken from the bond posted. Segrist relied on section 113—3.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113—3.1 (West 1998)), which states in pertinent part:

"(a) Whenever under either [s]ection 113—3 of this Code or Rule 607 of the Illinois Supreme Court the court appoints counsel to represent a defendant, the court may order the defendant to pay to the [c]lerk of the [c]ircuit [c]ourt a reasonable sum to reimburse ei-

ther the county or the State for such representation. In a hearing to determine the amount of the payment, the court shall consider the affidavit prepared by the defendant under [s]ection 113—3 of this Code and any other information pertaining to the defendant's financial circumstances which may be submitted by the parties. Such hearing shall be conducted on the court's own motion or on motion of the State's Attorney at any time after the appointment of counsel but no later than 90 days after the entry of a final order disposing of the case at the trial level.

(b) Any sum ordered paid under this [s]ection may not exceed $500 for a defendant charged with a misdemeanor, $5,000 for a defendant charged with a felony, or $2,500 for a defendant who is appealing a conviction of any class offense.

(c) The method of any payment required under this [s]ection shall be as specified by the [trial] [c]ourt. The court may order that payments be made on a monthly basis during the term of representation; however, the sum deposited as money bond shall not be used to satisfy this court order. Any sum deposited as money bond with the [c]lerk of the [c]ircuit [c]ourt under [s]ection 110—7 of this Code may be used in the court's discretion in whole or in part to comply with any payment order entered in accordance with paragraph (a) of this [s]ection. The court may give special consideration to the interests of relatives or other third parties who may have posted a money bond on the behalf of the defendant to secure his release. At any time prior to full payment of any payment order the court on its own motion or the motion of any party may reduce, increase, or suspend the ordered payment, or modify the method of payment, as the interest of fairness may require. No increase, suspension, or reduction may be ordered without a hearing and notice to all parties."

Segrist attached to his motion a copy of a cashier's check for $24,500 made payable to the circuit clerk, showing Segrist as the remitter thereof. Segrist alleged that, because Maxon had previously been found to be indigent and his bond was posted by a third party, no reimbursement for the services of the public defender should have been made from the bond. The motion asked the trial court to vacate that portion of its order providing for payment of attorney fees from the bond.

The State filed a motion to dismiss Segrist's motion, alleging that the payment of attorney fees from Maxon's bond was part of the plea agreement reached between Maxon and the State. Since Segrist was not a party to that agreement, he lacked standing to challenge the trial court's December 23, 1998, probation order.

On February 17, 1999, the trial court denied the State's motion to

dismiss and denied Segrist's motion on the merits. The court entered a reimbursement order, finding the entire bond subject to application toward payment of costs, fines, restitution, probation fees, and attorney fees. On that same date, appointed counsel's motion for payment of fees and expenses was allowed and the amounts ordered paid from the bond.

On March 3, 1999, Segrist filed a motion to reconsider, which was denied. In denying the motion, the trial court stated that it chose to exercise its discretion in favor of the plea negotiation. The court suggested that Segrist was naive in posting such a large bond and believing that he would get the money back. The court stated its belief that Segrist was not entitled to a return of the bond money over the rights of the public defender and the circuit clerk's office. Segrist appealed.

In an order entered under Supreme Court Rule 23 (166 Ill. 2d R. 23), this court (1) vacated the trial court's denial of Segrist's motion to vacate; (2) vacated that portion of the probation order that required attorney fees to be deducted from the cash bond; (3) vacated the trial court's reimbursement order; and (4) remanded for a hearing pursuant to *People v. Love*, 177 Ill. 2d 550, 563, 687 N.E.2d 32, 38 (1997), with directions that the trial court consider Maxon's financial circumstances, the reasonableness of any reimbursement, the reasonableness of the public defender's fee and what, if any, consideration should be given to Segrist's interests arising from the bond he posted for Maxon. *People v. Maxon*, No. 4—99—0301, slip order at 9-10 (January 6, 2000) (unpublished order under Supreme Court Rule 23).

At a March 20, 2000, hearing on remand, Maxon testified as to his financial condition on December 23, 1998, the date on which he entered his guilty plea and was sentenced to probation. He owned a home that was partially constructed and that was being foreclosed on by Jersey State Bank, the mortgagee. He was unemployed and had no money in savings or checking accounts. He was living in a dump in White Hall. He had a 1989 Lincoln automobile that was collateral on a note he owed to the Bank of Calhoun County. At that time, he owed that bank more than $47,000. Several creditors received judgments against him while he was jailed on the charges in this case. At the time of the hearing, Maxon had suffered a work-related injury and, as a result, was no longer employed.

John Guntren, Maxon's appointed trial counsel, testified concerning time spent and services rendered to Maxon. He noted that Maxon was charged with numerous felonies and that he went to a jury trial in one case where he was acquitted of the charge. Numerous bail hearings were held on all of the different charges. The discovery process was "involved" and required Guntren to spend hours sifting through

documents regarding alleged insurance fraud claims and reviewing this discovery with Maxon and his wife. Numerous witnesses were interviewed. Guntren did not have access to an investigator to assist him. A great deal of legal research was necessary. Pretrial motions were filed in many of the cases. His work for Maxon consumed a great deal of his time and he had to refuse other business.

Segrist testified that Maxon had worked on several of his cars. Segrist did not personally take the bond money to the circuit clerk's office. Maxon's wife picked up the check. Thus, he did not sign the bond form at the time bond was posted, but he did sign it later. He expected to get his money back eventually.

Following arguments of counsel, the trial court took the matter under advisement. In doing so, the court commented that it found Guntren's fees to be "imminently reasonable." Maxon's case required extraordinary effort on Guntren's part because of the documentary evidence involved. The court noted that Guntren had charged for his time at the public defender rate of $45 per hour.

On April 4, 2000, the trial court entered an order in which it stated that, after considering the interests of Segrist and the financial circumstances of Maxon, reimbursement to Segrist was not reasonable where the negotiated guilty plea and sentence included payment of Guntren's fees out of the bond. The court thus denied Segrist's January 11, 1999, motion to vacate. The court reinstated its prior probation order and its order of disbursement entered on February 17, 1999.

## II. ANALYSIS

In our prior Rule 23 order in this matter, we remanded on the narrow issue of the trial court's failure to hold a hearing pursuant to *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38. We further held that, under the facts before us, Segrist had standing to object to this failure. *Maxon*, slip order at 9. In addition, based upon the record before us in the prior appeal, we questioned the reasonableness of appointed counsel's stated fee. *Maxon*, slip order at 8-9. Upon remand, the trial court considered Maxon's ability to pay counsel fees at the time the reimbursement order was entered, the reasonableness of appointed counsel's fee, the reasonableness of reimbursement, and the interests of Segrist as the third party who posted Maxon's bond.

On appeal, Segrist does not dispute the trial court's finding that appointed counsel's fees were reasonable. Instead, he argues that, because the trial court found that Maxon had no ability to reimburse the county for appointed counsel fees, it should not have ordered the fees paid out of his bond. In support of this argument, he cites the

*Love* decision, as well as *People v. Webb*, 276 Ill. App. 3d 570, 658 N.E.2d 852 (1995).

■ In *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38, the supreme court held that trial courts are required by the terms of section 113—3.1 of the Code to conduct a hearing regarding a defendant's financial circumstances and find an ability to pay prior to entering any order of reimbursement for counsel fees. Such a hearing is required even where a cash bail bond has been posted on the defendant's behalf. If a bail bond has been posted, the trial court should consider whether a third party provided the money for that bond. *Love*, 177 Ill. 2d at 563, 687 N.E.2d at 38. The court may, "in its discretion," decide to give special consideration to the interests of the third party. *Love*, 177 Ill. 2d at 564, 687 N.E.2d at 38.

*Love* overruled this court's prior decisions in *People v. Hanna*, 288 Ill. App. 3d 109, 679 N.E.2d 812 (1997), *vacated & remanded with directions*, 175 Ill. 2d 539, 688 N.E.2d 309 (1997) (nonprecedential supervisory order), *People v. Baker*, 195 Ill. App. 3d 785, 552 N.E.2d 421 (1990), and *People v. Nunez*, 197 Ill. App. 3d 332, 553 N.E.2d 1123 (1990), to the extent that those decisions held that posting of a cash bond provides conclusive evidence of a defendant's ability to pay a reimbursement order, thus eliminating the need for a hearing under section 113—3.1 of the Code. *Love*, 177 Ill. 2d at 564, 687 N.E.2d at 38-39.

In *Love*, 177 Ill. 2d at 560, 687 N.E.2d at 37, the State argued that the existence of a cash bail bond provided conclusive evidence of a defendant's ability to pay a reimbursement order up to the amount of the bond. The supreme court rejected that argument, citing its decision in *People v. Cook*, 81 Ill. 2d 176, 181-83, 407 N.E.2d 56, 59-60 (1980), where the court had rejected a similar argument. *Love*, 177 Ill. 2d at 561-62, 687 N.E.2d at 37-38. The *Love* court noted that no basis existed in the language of section 113—3.1 of the Code for dispensing with a hearing into the defendant's financial circumstances simply because a cash bond had been posted. The court further noted that section 113—3.1(c) of the Code (725 ILCS 5/113—3.1(c) (West 1994)) makes reference to the possibility that money deposited as a bail bond may be available to satisfy an order of reimbursement. Thus, should the trial court determine that reimbursement is appropriate, the court may order that the reimbursement amount be paid out of the bond. *Love*, 177 Ill. 2d at 562, 687 N.E.2d at 38.

Contrary to Segrist's belief, *Love* does not prohibit a trial court from ordering that a cash bond be applied to appointed counsel fees even if the defendant is found to be indigent. The supreme court's discussion of application of a cash bond related only to fulfillment of an order of reimbursement.

Segrist also cites *Webb*, 276 Ill. App. 3d at 571, 658 N.E.2d at 853, a Third District case, in which defendant's boyfriend, Crawford, posted a $1,500 cash bond on her behalf. Defendant was acquitted of the charge after a jury trial. The trial court ordered that the bond money be used to reimburse the county for the services of defendant's appointed counsel. No hearing was held as to defendant's financial circumstances. Through private counsel, defendant and Crawford moved to vacate the reimbursement order. At the hearing, defendant testified that she had no income or assets. The State's Attorney testified that in the cases he had prosecuted, no reimbursement order had ever been entered against an indigent defendant who had not posted bond. *Webb*, 276 Ill. App. 3d at 571, 658 N.E.2d at 853.

After hearing testimony of defendant's appointed counsel, the trial court found that $1,350 was a reasonable reimbursement for the counsel's services. It also found that defendant lacked the ability to pay for those services. However, the court also noted that Crawford was on notice that his bond could be used to pay fines, costs, and fees. The trial court considered the fact that Crawford had posted the bond from his own funds and reduced the amount of reimbursement to $800. *Webb*, 276 Ill. App. 3d at 572, 658 N.E.2d at 854.

On appeal, the State argued that the ability to post bond demonstrated the defendant's financial ability to pay for appointed counsel's services. *Webb*, 276 Ill. App. 3d at 573, 658 N.E.2d at 854. The appellate court rejected that argument, holding that section 113—3.1 of the Code mandates a meaningful hearing into the defendant's financial circumstances before any reimbursement for appointed counsel's services may be granted. *Webb*, 276 Ill. App. 3d at 574, 658 N.E.2d at 855. The court noted the lack of evidence showing that defendant had any funds or foreseeable ability to pay attorney fees. The bond money clearly belonged to Crawford. Accordingly, the appellate court found that the trial court's order requiring defendant to reimburse the county $800 for appointed counsel's services was contrary to the manifest weight of the evidence and an abuse of discretion. *Webb*, 276 Ill. App. 3d at 575, 658 N.E.2d at 855.

■ We disagree with *Webb*, to the extent that case suggests that, where a defendant has been found unable to pay a reimbursement order, the trial court may not utilize a cash bond posted on defendant's behalf to pay appointed counsel fees. Section 110—7 of the Code (725 ILCS 5/110—7 (West 1998)) contemplates that such fees may be paid out of a bond:

> "The [bail bond] form shall also include a written notice to such person who has provided the defendant with the money for the posting of bail indicating that the bail may be used to pay costs, at-

torney's fees, fines, or other purposes authorized by the court and if the defendant fails to comply with the conditions of the bail bond, the court shall enter an order declaring the bail to be forfeited." 725 ILCS 5/110—7(a) (West 1998).

■ The purpose of a *Love* hearing is to determine whether the defendant is personally able to pay reimbursement for appointed counsel fees. This hearing must be held, regardless of whether a cash bond has been posted, as the existence of such a bond does not conclusively demonstrate that the defendant has the ability to pay. If the trial court finds that the defendant does have the ability to pay and a reimbursement order is entered, the trial court, in its discretion, may order the reimbursement amount paid, in whole or in part, out of a cash bond. However, a finding that the defendant lacks the ability to pay appointed counsel fees only relieves the defendant of the personal responsibility to pay such fees. That finding is irrelevant to the question of whether the trial court may order the fees to be paid out of a bond. Section 113—3.1 of the Code contains no language prohibiting the trial court from utilizing a cash bond for payment of attorney fees if the defendant is found to be financially unable to pay a reimbursement order. Thus, we reject Segrist's argument that, because the trial court found defendant to be unable to pay a reimbursement order, it was foreclosed from utilizing part or all of the bond for payment of attorney fees.

The trial court complied with our order on remand. It held the hearing mandated by section 113—3.1 of the Code and received evidence on all issues. It considered Segrist's interests as owner of the bond money. It found appointed counsel's fees to be reasonable. We find no abuse of discretion in the trial court's decision to order that appointed counsel fees be paid out of the bond.

### III. CONCLUSION

Accordingly, we affirm the judgment of the trial court denying Segrist's motion to vacate and reinstating its probation order.

Affirmed.

MYERSCOUGH and KNECHT, JJ., concur.