FIFTH DIVISION
September 21, 2007

No. 1-06-0367

THE PEOPLE OF THE STATE OF ILLINOIS,          )          Appeal from the
                                                                          )          Circuit Court of
          Plaintiff-Appellee,                          )          Cook County.
                                                                          )
v.                                                                     )          No. 03 CR 2718
                                                                          )
SOLOMON HUNTER,                                     )          Honorable
                                                                          )          Vincent M. Gaughan,
          Defendant-Appellant.                      )          Judge Presiding.


          JUSTICE GALLAGHER delivered the opinion of the court:

          Defendant Solomon Hunter appeals from an order of the trial

court summarily dismissing his *pro se* petition for relief under

the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*.

(West 2004)).  On appeal, defendant contends that: (1) his

petition alleged the gist of constitutional claims that his right

of confrontation was violated and that his trial counsel was

ineffective; and (2) he was improperly assessed fees and costs

after his *pro se* petition was dismissed upon a finding of

frivolousness.

          Following a bench trial, defendant was found guilty of

possession of a controlled substance with intent to deliver and

sentenced to 16 years' imprisonment.  Because the proceedings of

the trial are fully set out in our order on direct appeal (People

1-06-0367

v. Hunter, No. 1-03-2250 (2005) (unpublished order under Supreme Court Rule 23)), we restate only those facts necessary to understand defendant's current appeal.

At around 6:40 p.m. on January 7, 2003, Officer Spain was conducting narcotics surveillance on the 2700 block of West Lexington Street in Chicago. Defendant was standing in the middle of the block on the south side of the street when an individual approached defendant. After the two spoke, defendant accepted money from the individual and relocated to a vacant lot approximately 10 to 12 feet from the sidewalk. He picked up a strip of tape and removed a "small shiny item" from it. Defendant returned to the individual that had given him money and gave the item to him. Officer Spain observed two similar transactions, but did not stop any of the alleged buyers. After observing the third transaction, Spain contacted Officers Town and Chin to detain defendant. Town recovered a strip of tape from the vacant lot and discovered five tinfoil packets attached to it. He then gave the strip of tape to Spain. Officer Spain inventoried the packets, heat sealed the inventory package, and sent it to the crime lab for testing. When asked if he inventoried the items "under Inventory Number 10080323," Spain replied, "[y]es, that's correct."

- 2 -

The parties stipulated that if called to testify, Penny Evans would first testify that she was an expert in forensic chemistry. She would also testify:

> "[S]he received the items inventoried under Inventory Number 10080232 in a heat sealed condition. Chain of custody was proper at all times.
>
> Upon receiving the inventory envelope she opened it. Inside it was five tin foil packets. She weighed the contents of the tin foil packets. The total weight was .6 grams. She then separated out of the tin foil packets the contents of [sic] that weighed .1 grams for ascertaining the presence of a controlled substance. She would testify within a reasonable degree of scientific certainty that it tested positive for [h]eroin."

Defendant did not object or show any signs of dissent when the stipulation was made.

The trial court found defendant guilty of possession of a controlled substance with intent to deliver. Prior to sentencing, defendant argued in a *pro se* motion for a new trial that his defense counsel was ineffective. The trial court denied

defendant's motion and sentenced him as a Class X offender to 16 years' imprisonment.

Defendant appealed his convictions and we affirmed the judgment on appeal. Hunter, slip op. at 14-15. Defendant argued, *inter alia*, that the State failed to establish a reliable chain of custody. However, this court rejected defendant's argument, finding that the stipulation established that the chain of custody was sufficient and that the stipulated evidence sufficiently matched Officer Spain's testimony concerning the evidence. Hunter, slip op. at 9-10. Furthermore, this court found that the discrepancy in the record regarding the inventory numbers between the stipulation and Spain's testimony did not break the chain of custody. Hunter, slip op. at 10.

On November 3, 2005, defendant filed a *pro se* postconviction petition alleging that he was denied his right to due process and his trial counsel was ineffective for: (1) entering into a stipulation with the State without first seeking input from defendant or discussing the matter with him; (2) stipulating to the chain of custody and failing to raise the issue of the discrepancy of inventory numbers at trial, in a motion for a directed finding, closing argument or posttrial motion; (3) failing to object to the foundation for the chemist's testimony at trial; (4) failing to call a witness, Rhonda Marks, who was

willing to give favorable testimony at trial on defendant's behalf; and (5) refusing to file a motion to quash his arrest.

On December 2, 2005, the trial court reviewed the petition and determined that it was frivolous and patently without merit. Among its findings, the trial court found that defendant had not stated any facts as to how he was prejudiced by the stipulation to the chain of custody and trial counsel's failure to object to the foundation of the chemist's testimony. Therefore, his defense counsel was not ineffective under Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Furthermore, the trial court found that defense counsel's actions were a matter of trial strategy and would therefore be left undisturbed.

The trial court also entered a second order assessing defendant $90 in fees and costs, finding that his petition was frivolous in that: "1. it lacks an arguable basis in law or in fact; and 2. the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

Defendant timely appeals and first contends that his petition was improperly dismissed because it stated the gist of a constitutional claim.

Defendant argues that because his defense counsel stipulated to the forensic chemist's testimony and the chain of custody for the seized narcotics without discussing it with him, his constitutional right of confrontation was violated.  He also argues that he was denied effective assistance of counsel because defense counsel decided to enter into the stipulation without contesting any of the evidence.

At the first stage of postconviction proceedings under the Act, a petition may be dismissed if the trial court determines the defendant's petition is frivolous or is patently without merit.  People v. Edwards, 197 Ill. 2d 239, 244 (2001).  A petition is frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the gist of a constitutional claim.  Edwards, 197 Ill. 2d at 244.  Our review of a summary dismissal is de novo.  Edwards, 197 Ill. 2d at 247.

Although there is a presumption against the waiver of constitutional rights, the right of confrontation may be waived.  People v. Campbell, 208 Ill. 2d 203, 211 (2003).  Defense counsel may waive a defendant's sixth amendment right of confrontation by stipulating to the admission of evidence when the decision is a matter of trial tactics or strategy as long as the defendant does not object.  People v. Scott, 355 Ill. App. 3d 741, 744 (2005).

To establish ineffective assistance of counsel, a defendant must show both (1) that counsel's representation fell below an objective standard of reasonableness and (2) that the substandard representation prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Demonstrating prejudice under the second prong requires a showing that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 80 L. Ed. 2 at 698, 104 S. Ct. at 2068; People v. Vasquez, 368 Ill. App. 3d 241, 255 (2006). The decision of whether to object to trial testimony is generally a matter of trial strategy. People v. Evans, 209 Ill. 2d 194, 221 (2004).

Defendant first argues that his defense counsel never discussed the decision to stipulate to evidence with him and, therefore, he was denied his constitutional right of confrontation. We note that defendant's brief argues both that defense counsel did not seek input from him regarding the stipulation and also that there was an off-the-record disagreement with the decision. However, defendant's postconviction petition only alleges that defense counsel "entered into stipulations with the State without first seeking 'any' input from [defendant], or discussing the matter whatsoever with him." Any issue or claim of substantial denial of

constitutional rights not raised in the original postconviction petition is deemed waived. See 725 ILCS 5/122-3 (West 2004); People v. Jones, 211 Ill. 2d 140, 144-45 (2004). Accordingly, we will only address the allegations raised in defendant's postconviction petition.

Defendant must be admonished about a stipulation and must personally agree to it only when the stipulation includes a statement that the evidence is sufficient to convict the defendant or where the State's entire case is to be presented by stipulation. People v. Phillips, 217 Ill. 2d 270, 288 (2005). The stipulation in defendant's case did not contain any such statements and only went to the nature of the recovered items and the chain of custody. Furthermore, because defendant's theory at trial was that he was improperly arrested and never possessed the controlled substances, the decision not to contest the stipulation was one of trial strategy and belonged to defense counsel. See Scott, 355 Ill. App. 3d at 744-45. Therefore, the record does not need to show that defense counsel discussed the stipulation with defendant or that defendant explicitly waived his right of confrontation. See People v. Foerster, 359 Ill. App. 3d 198, 200 (2005).

Defendant also argues that the cases the State relies on, notably Phillips and Campbell, involved direct appeals and did not involve a postconviction proceeding where the defendant

alleged he affirmatively objected to the stipulation.  However, as stated before, defendant did not allege that he objected to defense counsel's decision to enter into the stipulation, but only that the decision was never discussed with him.  Therefore, defendant's argument is without a factual basis and we will not consider it.

Defendant next argues he was denied effective assistance of counsel because defense counsel stipulated to the forensic chemist's testimony.  However, defendant's theory at trial was that he was improperly arrested and never possessed the controlled substances.  There was no reason to address the characteristics of the controlled substances and to do so would have been inconsistent with the defense strategy.  See Scott, 355 Ill. App. 3d at 745 (finding that defense counsel properly stipulated to the nature of the controlled substances as a matter of trial strategy where defendant claimed he never participated in a drug transaction).  Therefore, trial counsel's performance did not fall below an objective standard of reasonableness.

Furthermore, defendant's claims regarding this claim lack any allegation that relates to prejudice.  Although he argues that counsel was ineffective for stipulating, he fails to show how the result of the proceeding would have been any different had his counsel decided to contest the stipulation.  Defendant's

argument that defense counsel was ineffective for stipulating to the forensic chemist's testimony is without merit.

Defendant's next argument that his defense counsel was ineffective for failing to challenge the chain of custody based upon a discrepancy in the inventory numbers is equally without merit. Officer Spain testified that he inventoried the substance he recovered under number 10080323, whereas the stipulation referred to inventory number 10080232. However, not only did the parties stipulate that the chain of custody was proper at all times, Spain's testimony describing the substance sufficiently matched the testimony the parties stipulated to. Officer Spain testified he recovered a strip of tape with five tinfoil packets containing suspected heroin and inventoried the "narcotics" in a heat-sealed condition. The stipulation provided that forensic chemist Evens received inventory in a heat-sealed condition and found five tinfoil packets, the contents of which tested positive for heroin. Therefore, trial counsel's performance did not fall below an objective standard of reasonableness when he failed to object to the discrepancy in inventory numbers. Although the stipulation did not mention a strip of tape, Spain's testimony did not explicitly indicate he inventoried the strip of tape. Therefore, contesting the lack of language in the stipulation concerning a strip of tape would most likely not have altered the outcome of the case. None of these discrepancies are sufficient

to establish any significant doubt that the items stipulated to by the parties and testified to by Spain were not the same. Under the facts of this case, and considering defendant's theory at trial, defense counsel was not ineffective for entering into the stipulation.

Accordingly, we find that the trial court properly dismissed defendant's *pro se* postconviction petition as frivolous and patently without merit.

Defendant next contends that he should not have been assessed a $90 filing fee because there is no statutory filing fee for postconviction petitions. He argues that section 22-105 of the Code of Civil Procedure (Code) (735 ILCS 5/22-105 (West 2004)) fails to specify the cost of filing a postconviction petition or cross-reference any other statutory provision providing such information and, therefore, section 27.2a(g)(2) of the Clerks of Courts Act (Clerks Act) (705 ILCS 105/27.2a(g)(2) (West 2004)) is inapplicable. Section 27.2a(g)(2) provides a fee as follows:

> "[p]etition to vacate or modify any final
> judgment or order of court, except a petition
> to modify, terminate, or enforce a judgment
> or order for child or spousal support or to
> modify, suspend, or terminate an order for
> withholding, if filed later than 30 days

> after the entry of the judgment or order, a
> minimum of $75 and a maximum of $90."  705
> ILCS 105/27.2a(g)(2) (West 2004).

We acknowledge that section 22-105 of the Code does not reference or cross-reference a statute specifically providing the cost of filing a postconviction petition.  It appears that this is because there is no initial filing fee for a postconviction petition.  Section 22-105 assesses fees only after a legal document in a postconviction proceeding is found to be frivolous. Once a court has made that determination, it must look elsewhere in determining the costs to be assessed the prisoner, depending on the type of legal document filed.  When possible, this court should construe a statute so that it is not rendered meaningless. See People v. Maggette, 195 Ill. 2d 336, 350 (2001).  Therefore, contrary to defendant's argument, the lack of specific fee amounts or cross-references to specific fee statutes in section 22-105 does not render the section meaningless or invalid.

Under the doctrine of *in pari materia*, two statutes dealing with the same subject will be considered with reference to one another in order to give them harmonious effect.  People v. McCarty, 223 Ill. 2d 109, 133 (2006).  Section 22-105 of the Code authorizes the assessment of filing fees and costs for a frivolous postconviction pleading.  The circuit court, in exercising that authority and in following the doctrine of *in*

*pari materia*, went to section 27.2a of the Clerks Act, the circuit court's filing fees statute, to determine the fee to be assessed.

Section 27.2a(g)(2) of the Clerks Act applies to petitions seeking to modify or vacate a final judgment. A postconviction petition seeks to modify or vacate a final judgment in the sense that it inquires into issues that relate to and affect a sentence or conviction of a final judgment that were not, or could not have been, determined on direct appeal. See People v. Barrow, 195 Ill. 2d 506, 519 (2001). Accordingly, under the authorization of section 22-105 of the Code, the circuit court properly subjected defendant's petition to the fees outlined under section 27.2a(g)(2) of the Clerks Act.

Defendant finally contends that the fees and costs he was assessed must be vacated because section 22-105 of the Code (735 ILCS 5/22-105 (West 2004)) violates his state and federal constitutional rights to due process and equal protection under the law.

Statutes are presumed constitutional, and a court must construe a statute so as to affirm its constitutionality if reasonably possible. People v. Dinelli, 217 Ill. 2d 387, 397 (2005). In order to defeat this presumption, the party challenging the validity of a statute has the burden of clearly establishing a constitutional violation. People v. Jones, 223

Ill. 2d 569, 596 (2006). "Because constitutionality is a pure question of law, our standard of review is *de novo*." Jones, 223 Ill. 2d at 596.

Defendant argues that section 22-105 violates a prisoner's due process right of meaningful access to the courts by unfairly subjecting him to pecuniary punishment for attempting to exercise a State-granted postconviction remedy. He first argues that "to interpose any financial consideration between an indigent prisoner of the State and his exercise of a state right to sue for his liberty is to deny that prisoner the equal protection of the laws." Smith v. Bennett, 365 U.S. 708, 709, 6 L. Ed. 2d 39, 40, 81 S. Ct. 895, 896 (1961). However, no financial consideration is "interposed" denying a prisoner's access to the courts. Defendant fails to recognize that section 22-105 assesses court costs and filing fees after a filed legal document is found to be frivolous, but not before the actual filing. Because no financial consideration is "interposed" between a prisoner and his access to the courts, his due process argument under Smith must fail.

Defendant further argues the filing fee is a penalty and is not for the purpose of recouping court fees and costs. See People v. Greer, 212 Ill. 2d 192, 208 (2004). However, the "penalty" a defendant is assessed is specifically comprised of the "filing fees and actual court costs" due to any frivolous

petition a defendant might file. 735 ILCS 5/22-105(a) (West 2004). It is an attempt by the court to defray the costs of disposing of frivolous petitions while simultaneously discouraging frivolous petitions. See People v. Anderson, 352 Ill. App. 3d 934, 946 (2004); see also Crocker v. Finley, 99 Ill. 2d 444, 454 (1984) (holding that court filing fees may be imposed for purposes relating to the operation and maintenance of the courts). Accordingly, we find no due process violation in section 22-105 requiring prisoners to pay filing fees and actual court costs for filing frivolous petitions.

Defendant finally argues that section 22-105 violates the equal protection clause of the fourteenth amendment by targeting "prisoners" to the exclusion of other indigent petitioners. This court must conduct a two-step analysis in evaluating equal protection challenges to the constitutionality of a legislative classification. People v. Vernon, 276 Ill. App. 3d 386, 389 (1995). "[W]e must determine whether the statute in question affects either a fundamental right or discriminates against a suspect class." Vernon, 276 Ill. App. 3d at 389. If so, we must apply a "strict scrutiny" test, which upholds legislation only if it is narrowly tailored to serve a compelling interest. People v. Laughlin, 293 Ill. App. 3d 194, 197-98 (1997). Otherwise, we subject the statute to a more lenient "rational basis" review, which only requires that the statutory classification "be

rationally related to a legitimate state goal." Laughlin, 293 at 198.

First, this court has held that indigent prisoners are not a suspect class. People v. Bonilla, 170 Ill. App. 3d 26, 34 (1988); People v. Garvin, 152 Ill. App. 3d 438, 444 (1987). Second, although the right of access to the courts may be fundamental (Bounds v. Smith, 430 U.S. 817, 821, 52 L. Ed. 2d 72, 78, 97 S. Ct. 1491, 1494 (1977); Tedder v. Fairman, 92 Ill. 2d 216, 222 (1982)), section 22-105 does not operate in a manner that affects a prisoner's access to the courts. The fees and costs are assessed only after a legal document is found to be frivolous. The statute, at most, only impinges on a prisoner's right to file frivolous legal documents without cost with the court. Because no fundamental right is at issue, we will subject the statute to a rational basis review.

As explained above, a prisoner is free to file whatever legal documents he wishes to without being assessed an initial filing fee. Section 22-105 assesses filing fees and costs if the documents being filed are later found to be frivolous. Therefore, we find that the assessments bear a rational relationship to the State's legitimate interest in discouraging frivolous claims and compensating the courts for the expenses of processing and disposing of such claims. See Anderson, 352 Ill. App. 3d at 946; see also Crocker, 99 Ill. 2d at 454.

1-06-0367

Accordingly, we find that fees and costs imposed under section 22-105 do not violate the equal protection clause.

We note that these exact arguments were considered and rejected in People v. Gale, No. 1-06-0038 (September 7, 2007). We agree with the reasoning in Gale and find that the filing fees here were properly imposed.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

FITZGERALD SMITH, P.J., and O'MARA FROSSARD, J., concur.