FIFTH DIVISION
October 12, 2007

No. 1-06-0210

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| GERALD CARTER, | ) | Honorable |
| | ) | James Michael Obbish, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Defendant Gerald Carter challenges the trial court's order assessing $90 in costs and fees pursuant to section 22-105 of the Code of Civil Procedure (735 ILCS 5/22-105 (West 2004)) upon dismissing defendant's successive post-conviction petition as frivolous. On appeal he argues as follows: (1) there is no filing fee for post-conviction petitions authorized by statute; (2) assessment of costs and fees pursuant to section 22-105 (735 ILCS 5/22-105 (West 2004)) violates equal protection and due process; and (3) his mittimus should be corrected to reflect seven days credit. For the following reasons, we affirm.

BACKGROUND

Defendant was convicted after a jury trial of possession of a controlled substance with intent to deliver and was sentenced to an extended term of 15 years in the Illinois state

penitentiary. On direct appeal defendant argued that he was not proven guilty beyond a reasonable doubt because the State's witness was impeached, his testimony was unbelievable and there was no evidence of intent to deliver. He also argued the trial court erred in admitting testimony of an anonymous call to police, testimony about gang activity and by not allowing cross-examination regarding gang activity. We affirmed. *People v. Carter*, No. 1-99-1228 (2000) (unpublished order under Supreme Court Rule 23).

On July 16, 2001, defendant filed a *pro se* post-conviction petition alleging ineffective assistance of counsel both at trial and on direct appeal. On August 20, 2001, the trial court summarily dismissed defendant's post-conviction petition. In addressing the allegations of ineffective assistance of trial counsel, the trial court indicated that defendant "failed to establish the requisite showing of either deficient performance or sufficient prejudice." The trial court also found that due to a lack of support for defendant's underlying claim, he could not prevail on a claim of ineffective assistance of appellate counsel. The trial court further held that, with the exception of defendant's claim of ineffective assistance of appellate counsel, all other claims were barred by the doctrines of *res judicata* and waiver. We granted defendant's motion to file a late notice of appeal.

The sole issue defendant raised on appeal of the dismissal of his *pro se* post-conviction petition was whether both trial counsel and appellate counsel were ineffective for failing to challenge the State's use of a nonexistent conviction for possession of a stolen motor vehicle in aggravation at defendant's sentencing hearing.

1-06-0210

On October 17, 2003, we affirmed the trial court's dismissal of defendant's petition in *People v. Carter*, No. 1-02-0254 (2003) (unpublished order under Supreme Court Rule 23). We concluded that "even absent the mistaken possession of a stolen motor vehicle conviction, defendant was nonetheless eligible to be sentenced as a Class X offender, which meant that he could properly be sentenced to a term of not more than 30 years." *Carter*, slip op. at 6.

On December 6, 2005, defendant filed the consecutive *pro se* petition which is the subject of the instant appeal. He alleged various constitutional violations, including the State's improper use of the possession of a stolen motor vehicle conviction in sentencing, denial of his right to a jury trial, improper enhancement of sentence, ineffective assistance of counsel for failing to present a motion for directed verdict or a notice of appeal, and ineffective assistance of counsel for failing to investigate a jury polling error. The trial court on December 13, 2005, dismissed the consecutive petition as frivolous. The court concluded that the allegations were either waived or *res judicata* and defendant had not satisfied the "cause-and-prejudice test."

In a separate order the trial court assessed $90 in "fees and actual court costs"against defendant upon finding the consecutive petition frivolous. The order reads as follows:

> "This matter having come to be heard for assessment of
>
> court costs and fees pursuant 735 ILCS 5/22-105 (West 2004), the
>
> court having denied the successive petition for post-conviction
>
> relief in November 2005, upon a finding that it was entirely
>
> frivolous in that:

3

      1. it lacked an arguable basis in law or in fact; and

      2. the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of a new law.

      **IT IS THEREFORE ORDERED** that petitioner be assessed the following filing fees and actual court costs in the amount of $90.00 for filing a petition to vacate, modify, or reconsider final judgment pursuant to 705 ILCS 105/27.2(a) (West 2004). In satisfaction of this assessment, the Illinois Department of Corrections shall collect a first time payment of 50% of the average monthly balance of petitioner's trust fund account for the past six months. Thereafter, 50% of all deposits into petitioner's account shall be withheld until the assessment costs are collected in full."

Defendant challenges the assessment of $90 in fees and court costs. He argues there is no filing fee for post-conviction petitions authorized by statute. Further, he contends that the statute relied upon by the trial court in assessing the $90 fee violated defendant's due process and equal protection rights because it improperly restricts defendant's reasonable access to the courts and unfairly applies to prisoners in violation of both the United States and Illinois Constitutions. U.S. Const., amend. XIV; Ill. Const. 1970, art. I, §2. We address each argument in turn.

4

## ANALYSIS

### I. $90.00 Fee Authorized By Statute

In the instant case, the court after finding defendant's successive post-conviction petition frivolous assessed a $90 filing fee pursuant to section 22-105 of the Code of Civil Procedure, which provides that the prisoner is "responsible for the full payment of filing fees and actual court costs." 735 ILCS 5/22-105 (West 2004). In conjunction with section 22-105, the court assessed against defendant "filing fees and actual court costs in the amount of $90 for filing a petition to vacate, modify, or reconsider final judgment pursuant to 705 ILCS105/27.2(a) (West 2004)."

Defendant argues he should not have been assessed a $90 filing fee because section 22-105 does not "specify the cost of filing a post-conviction petition, nor does that section cross-reference any other statutory section where such information can be found." He further argues that section 27.2(a) is inapplicable because the "court lacked the authority to assess the $90 filing fee pursuant to section 27.2(a) of the Clerks of Courts Act, which outlines the fees in counties with population over 3,000,000." In support of that contention, defendant argues that section 27.2(a) only applies to civil cases and as such cannot be relied upon in the context of the instant post-conviction petition to authorize the assessment of the $90 filing fee. We address defendant's challenge to section 22-105 and section 27.2(a).

### A. Trial Court Correctly Applied Section 22-105

Pursuant to section 22-105 (735 ILCS 22-105(a) (West 2004)), if a trial court makes a specific finding that the pleading, motion or other paper filed by a prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs. Section 22-105,

entitled "Frivolous lawsuits filed by prisoners," states in subsection (a), in relevant part, as follows:

"(a) If a prisoner *** files a pleading, motion, or other filing which purports to be a legal document in a case seeking post-conviction relief under Article 122 of the Code of Criminal Procedure of 1963, *** and the Court makes a specific finding that the pleading, motion, or other filing which purports to be a legal document filed by the prisoner is frivolous, the prisoner is responsible for the full payment of filing fees and actual court costs." 735 ILCS 5/22-105(a) (West 2004).

Section 22-105(b) indicates that a pleading, motion or paper is frivolous if it satisfies any or all of the following:

"(1) lacks an arguable basis either in law or in fact;

(2) it is being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(3) the claims, defenses, and other legal contentions therein are not warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(4) the allegations and other factual contentions do not have evidentiary support or, if specifically so identified, are not likely to

6

have evidentiary support after a reasonable opportunity for further

investigation or discovery; or

(5) the denials of factual contentions are not warranted on

the evidence, or if specifically so identified, are not reasonably

based on a lack of information or belief." 735 ILCS 5/22-105(b)

(West 2004).

In addressing defendant's challenge to section 22-105, we find *People v. Gale*, No. 1-06-0038 (September 7, 2007), and *People v. Hunter*, No.1-06-0367 (September 21, 2007), instructive. The instant case challenges the fee assessed against defendant after the court found a successive post-conviction to be frivolous, while *Gale* and *Hunter* addressed a similar argument in the context of an original post-conviction petition. For purposes of our analysis, however, the status of the petition as either original or successive is not significant. In either factual context the well reasoned principles articulated in *Gale* and *Hunter* are applicable.

Relying on *Gale*, we reject defendant's argument that a filing fee is not statutorily authorized because section 22-105 does not "specify the cost of filing a post-conviction petition." We adopt the analysis articulated in *Gale* as follows:

"While section 22-105(a) may not refer in exact words to

prisoners filing 'post[-]conviction petitions,' it unmistakably

states that a fee will apply to a prisoner's pleading, motion or

other filing 'seeking post[-]conviction relief under Article 122 of

the Code of Criminal Procedure.' 735 ILCS 5/22-105(a) (West

2004). That the fee will apply to post[-]conviction petitions, then,

7

cannot be any clearer, as these petitions are 'seeking post[-]conviction relief' and are brought under our Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2004)). Such a finding is in line with section 21 of our Court of Claims Act *** specifically authorizing our trial courts to impose fees when a prisoner's petition is found to be frivolous. See 705 ILCS 505/21 (West 2004)." *Gale*, slip op. at 17-18.

In rejecting defendant's additional argument that a filing fee is not statutorily authorized because section 22-105 does not "cross-reference any other statutory section where such information can be found," we rely on the following well-reasoned principles of *Hunter*:

"We acknowledge that section 22-105 of the Code does not reference or cross-reference a statute specifically providing the cost of filing a post[-]conviction petition. It appears that this is because there is no initial filing fee for a post[-]conviction petition. Section 22-105 assesses fees only after a legal document in a post[-]conviction proceeding is found to be frivolous. Once a court has made that determination, it must look elsewhere in determining the costs to be assessed the prisoner, depending on the type of legal document filed. When possible, this court should construe a statute so that it is not rendered meaningless. See *People v. Maggette*, 195 Ill. 2d 336, 350 (2001). Therefore, contrary to defendant's argument, the lack of specific fee amounts or cross-

8

references to specific fee statutes in section 22-105 does not render

the section meaningless or invalid." *Hunter*, slip op. at 12.

Relying on *Gale* and *Hunter*, we conclude the trial court correctly applied section 22-105. 735 ILCS 5/22-105 (West 2004). We further note, the fact that section 22-105 delineates a specific method for collecting fees from prisoners provides additional support for our conclusion that section 22-105 was properly applied in the instant case. Section 22-105 not only authorizes fees to be assessed against prisoners who file frivolous petitions but provides a method for collecting fees from prisoners as follows:

> "On filing the action or proceeding the court shall assess
>
> and, when funds exist, collect as a partial payment of any court
>
> costs required by law a first time payment of 50% of the average
>
> monthly balance of the prisoner's trust fund account for the past 6
>
> months. Thereafter 50% of all deposits into the prisoner's
>
> individual account under [s]ections 3-4-3 and 3-12-5 of the Unified
>
> Code of Corrections [730 ILCS 5/3-4-3, 3-12-5] administered by
>
> the Illinois Department of Corrections shall be withheld until the
>
> actual court costs are collected in full. The Department of
>
> Corrections shall forward any moneys withheld to the court of
>
> jurisdiction. If a prisoner is released before the full costs are
>
> collected, the Department of Corrections shall forward the amount
>
> of costs collected through the date of release." 735 ILCS 5/22-105
>
> (West 2004).

The language of section 22-105 demonstrates the legislative intent to provide the mechanism by which the assessed fees are to be collected from prisoners. The specific language of the statute undermines defendant's argument that the court lacked statutory authority to assess the $90 filing fee. Accordingly, for the reasons previously discussed, we conclude the trial correctly applied section 22-105. 735 ILCS 5/22-105 (West 2004).

### B. Trial Court Correctly Applied Section 27.2(a)

Defendant further argues that the $90 fee was not valid because the trial court relied on section 27.2(a) of the Clerks of Courts Act (705 ILCS 105/27.2(a) (West 2004)), which he contends applies to civil, criminal, probate, and other proceedings, but, however, "nowhere in section 27.2a is a fee specified for filing a post-conviction petition." Defendant further contends that section 27.2a fees cannot apply to post-conviction petitions because such petitions are "not the same as a petition to vacate or modify any final judgment or order of court."

Section 27.2a applies to circuit court fees in counties of 3 million or more. It provides that a minimum fee of $75 and a maximum fee of $90 is to be charged by those who file "[p]etition[s] to vacate or modify any final judgment or order of court, except a petition to modify, terminate, or enforce a judgment or order for child or spousal support or to modify, suspend, or terminate an order for withholding, if filed later than 30 days after the entry of the judgment or order." 705 ILCS 105/27.2a(g)(2) (West 2004).

The circuit court, in exercising its authority to assess filing fees and costs pursuant to section 22-105, relied on section 27.2a of the Clerks of Courts Act to determine the fee to be assessed. We are mindful that statutes addressing the same subject will be considered with

10

reference to each other to give them harmonious effect under the doctrine of *in pari materia*. *Hunter*, slip op. at 12-13, citing *People v. McCarty*, 223 Ill. 2d 109, 133 (2006).

While section 27.2(a) applies to petitions to vacate or modify final judgments, the issue in the instant case is whether section 27.2(a) applies to successive post-conviction petitions. We note the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*. (West 2000)) provides collateral relief from prior final judgments. "A post[-]conviction petition seeks to modify or vacate a final judgment in the sense that it inquires into issues that relate to and affect a sentence or conviction of a final judgment that were not, or could not have been, determined on direct appeal." *Hunter*, slip op. at 13, citing *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). In *Gale*, we recognized that section 27.2a(g)2 indicated that "it applies to petitions to vacate or modify 'any final judgment or order of court.' 705 ILCS 105/27.2a(g)(2) (West 2004)." *Gale*, slip op. at 18. The purpose of a post-conviction petition, whether original or successive, is to modify or vacate a final judgment, and as such section 27.2a fees are applicable. *Gale*, slip op. at 19 ("[p]ost-conviction petitions act precisely as vehicles for prisoners who are seeking to vacate and/or modify the final judgments of conviction and/or sentence entered in their causes. [Citations.]"). Accordingly, we reject defendant's argument that section 27.2a(g)(2) does not apply to post-conviction petitions.

For the reasons previously discussed, we conclude there is more than ample statutory support pursuant to section 22-105 of the Civil Code of Procedure together with section 27.21 of the Clerks of Courts Act for the trial court to assess $90 in fees and court costs against defendant upon finding his successive post-conviction petition frivolous.

II. $90 Fee Is Constitutional

Defendant argues that "because section 22-105 violates the Equal Protection and Due Process clauses of both the United States and Illinois Constitutions, the assessment order against Carter must be vacated." See U.S. Const., amend. XIV; Ill. Const. 1970 art. I, §2. Defendant further contends that "section 22-105, which should be subjected to strict scrutiny analysis, fails to withstand even rational basis review."

Whether a statute is constitutional is reviewed under a *de novo* standard. *People v. Jones*, 223 Ill. 2d 569, 596 (2006). Statutes are presumed constitutional, and we must construe the statute so as to uphold its constitutionality and validity. *Jones*, 223 Ill. 2d at 595. The party challenging the constitutionality of the statute has the burden of clearly demonstrating a constitutional violation. *People v. Malchow*, 193 Ill. 2d 413, 418 (2000).

The strict scrutiny test applies if the court finds that the statute affects either a fundamental right or discriminates against a suspect class. *People v. Shephard*, 152 Ill. 2d 489, 500 (1992). To survive strict scrutiny, the means employed by the legislature must be necessary to achieve a compelling state interest, and the statute must be narrowly tailored to accomplish this goal, *i.e.*, the legislature must employ the least restrictive means consistent with the attainment of the intended goal. *Gale*, slip op. at 21, citing *People v. Cornelius*, 213 Ill. 2d 178, 204 (2004) (and cases cited therein). The rational basis test requires a rational relationship to a legitimate state interest if the statute does not affect a fundamental right or suspect class. *Jones*, 223 Ill. 2d at 569 (and cases cited therein); *People v. Reed*, 148 Ill. 2d 1, 7 (1992).

Neither indigent defendants nor prisoners comprise suspect classifications. *People v. Botruff*, 212 Ill. 2d 166, 176-77 (2004) (suspect classifications include race, national origin, sex or illegitimacy; in cases not involving these, rational basis test is to be used). As to defendant's

fundamental rights, while there is a fundamental right to access to the courts, there is not a fundamental right to such access without expense. *Crocker v. Finley*, 99 Ill. 2d 444, 454-55 (1984). Accordingly, we reject defendant's contention that we should use the strict scrutiny test in addressing his challenge to the constitutionality of section 22-105. Rather, we will apply the rational basis test in addressing his due process and equal protection arguments.

A. Due Process

Defendant argues that section 22-105 "unfairly subjects indigent petitioners to pecuniary punishment for attempting to exercise a state-granted post-conviction remedy, in violation of a prisoner's due process right of meaningful access to the court." We are mindful that meaningful access to the court requires that litigants have a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825, 52 L. Ed. 2d 72, 81, 97 S. Ct. 1491, 1494 (1977).

However, while there is a fundamental right to access to the courts (*Bounds v. Smith*, 430 U.S. at 821, 52 L. Ed. 2d at 78, 97 S. Ct. at 1494; *Tedder v. Fairman*, 92 Ill. 2d 216, 222 (1982)), the constitution does not guarantee citizens the right to litigate without expense, and fees can be imposed if related to the operation and maintenance of the courts. *Crocker v. Finley*, 99 Ill. 2d 444, 454-55 (1984). As noted in *Gale*, this principle has been reaffirmed in various cases, including assessing costs against indigent defendants upon appeal. *Gale*, slip op. at 22, citing *People v. Nicholls*, 71 Ill. 2d 166 (1978) (cash bail bond can be applied to appointed counsel fees even when defendant is indigent); *People v. Maxon*, 318 Ill. App. 3d 1209 (2001) (fees charges by clerks of the court for reproduction of court records do not violate a litigants constitutional right to access the courts); *Lee v. Pucinski*, 267 Ill. App. 3d 489, 494 (1994)

(mandatory $1 fee charged for dispute resolution fund does not violate constitutional right to access the courts); *Wenger v. Finley*, 185 Ill. App. 3d 907, 915 (1989) (upholding the constitutionality of retaining the 10% bond fee to cover court costs and related fees); *Schlib v. Kuebel*, 46 Ill. 2d 538 (1970) (upholding jury demand fee); *Fried v. Danaher*, 46 Ill. 2d 475 (1970).

Defendant, relying on *Smith v. Bennett*, 365 U.S. 708, 709, 6 L. Ed. 2d 39, 40, 81 S. Ct. 895, 896 (1961), argues that inability to pay a filing fee cannot limit a defendant's post-conviction right. We rejected a similar argument in *Hunter* and concluded that no financial consideration is interposed which denies a prisoner's access to the courts by application of section 22-105. We noted as follows:

> "Defendant fails to recognize that section 22-105 assesses court
> costs and filing fees after a filed legal document is found to be
> frivolous, but not before the actual filing. Because no financial
> consideration is 'interposed' between a prisoner and his access to
> the courts, his due process argument under *Smith* must fail."
> *Hunter*, slip op. at 14.

We noted in *Hunter* that "although the right of access to the courts may be fundamental [citations], section 22-105 does not operate in a manner that affects a prisoner's access to the courts. The fees and costs are assessed only after a legal document is found to be frivolous. The statute, at most, only impinges on a prisoner's right to file frivolous legal documents without cost with the court." *Hunter*, slip op. at 16. We follow the well-reasoned principles articulated in *Hunter* and, applying the rational basis test, reject defendant's constitutional challenge under

*Smith v. Bennett*, because indigent prisoners are not a suspect class (*People v. Bonilla*, 170 Ill. App. 3d 26, 34 (1988)), and no financial consideration is interposed between a prisoner and his access to the courts (*Hunter*, slip op. at 14)).

Defendant, relying on *People v. Greer*, 212 Ill. 2d 192, 208 (2004), further argues that although "section 22-105 purports to recoup court fees and costs, the manner in which this is accomplished reveals that, in reality, 'the legislature sought to penalize a defendant for filing a frivolous petition.' " We rejected the same argument in *Hunter* as follows:

> "However, the 'penalty' a defendant is assessed is
> specifically comprised of the 'filing fees and actual court costs'
> due to any frivolous petition a defendant might file. 735 ILCS
> 5/22-105(a) (West 2004). It is an attempt by the court to defray the
> costs of disposing of frivolous petitions while simultaneously
> discouraging frivolous petitions. See *People v. Anderson*, 352 Ill.
> App. 3d 934, 946 (2004); see also *Crocker v. Finley*, 99 Ill. 2d 444,
> 454 (1984) (holding that court filing fees may be imposed for
> purposes relating to the operation and maintenance of the courts).
> Accordingly, we find no due process violation in section 22-105
> requiring prisoners to pay filing fees and actual court costs for
> filing frivolous petitions." *Hunter*, slip op. at 14-15.

When we apply the rational basis test under a due process analysis, as long as the statute has a rational relationship to a legitimate state interest, the statute must be upheld. *People v. Williams*, 358 Ill. App. 3d 363, 366-67 (2005). We agree with the conclusion reached in *Gale*

that section 22-105 is rationally designed to make prisoners responsible for fees and costs associated with frivolous filings:

> "Our legislature has made clear, by its enactment of various statutory provisions, that, while it is willing to offer certain types of further relief to prisoners beyond their trials and appeals, it is concerned with the number of frivolous petitions' that may be filed seeking such relief which, in turn, impacts the efficiency of our courts and the effectiveness of our administrative process." *Gale*, slip op. at 23 (and cases cited therein).

Contrary to defendant's contention, the statute does not unfairly subject "indigent petitioners to pecuniary punishment for attempting to exercise a state-granted post-conviction remedy in violation of a prisoner's due process right of meaningful access to the court." Rather, section 22-105 specifically delineate a prisoner's responsibility when filing a pleading, motion or other document, as noted in *People v. Gale* as follows:

> "[S]ection 22-105 informs all prisoners, regardless of wealth, that they may not file a frivolous petition; it then outlines exactly what 'frivolous' means so they can guard against such a determination (see 735 ILCS 5/122-105(b) (West 2004)); and finally, it specifies that payment of fees and costs charged when a petition is held to be frivolous is to be collected from that prisoner only 'when funds exist,' only in the amount corresponding to his prison trust fund account, and only until the fees are collected in full (735 ILCS

5/22-105(a) (West 2004) (setting out the payment scheme based on prison trust fund account)). In fact, on this last point, section 22-105(a) specifically states that '[n]othing in this Section prohibits an applicant from filing an action or proceeding if the applicant is unable to pay the court costs.' 735 ILCS 5/22-105(a) (West 2004)." (Emphasis omitted.) *Gale*, slip. op. at 23-24.

Section 22-105 does not present a "pecuniary punishment" violating a prisoner's due process right of meaningful access to the court. "Rather, it simply charges fees and costs to the prison trust fund accounts of all prisoners regardless of financial status and only if these funds exist, but ultimately never prohibits them from exercising their post[-]conviction relief rights." *Gale*, slip op. at 24. For the reasons previously discussed, section 22-105 does not violate substantive due process because it is rationally related to our state's interest in maintaining the efficiency and administration of our legal system.

In addressing a challenge to procedural due process, we take into consideration the statute's specific procedures and whether the statute provides an " 'opportunity to be heard "at a meaningful time and in a meaningful manner." ' [Citation.]" *People v. R.G.*, 131 Ill. 2d 328, 353-54 (1989); *People v. Porter*, 122 Ill. 2d 64, 73 (1988) (holding the Post-Conviction Hearing Act's provision permitting courts to dismiss petitions that are frivolous does not violate due process because the lower pleading standards for indigent prisoners provide them a hearing with meaningful time and in a meaningful manner). To successfully challenge section 22-105 for violation of procedural due process, defendant would have to demonstrate that the statute deprived him of a protected liberty or property interest. *People v. Logan*, 302 Ill. App. 3d 319,

17

1-06-0210

332 (1998).

We agree that imposition of a fee for an inarticulate claim which was, however, not frivolous would in fact violate the right of meaningful access to the court. However, in the instant case, the fee was imposed for frivolous claims brought in the context of a successive post-conviction petition. Pursuant to the "cause and prejudice" test, the defendant must show "cause" for failing to raise the issue in a prior proceeding and actual "prejudice" resulting from the claimed error. *Jones*, 211 Ill. 2d at 149; *People v. Pitsonbarger*, 205 Ill. 2d 444, 457-59 (2002) ("cause and prejudice" test mandatory for successive post-conviction petitions for relief). We are mindful that a defendant who fails to include an issue in his original or amended post-conviction petition may raise the issue in a successive petition if he satisfies the requirements of the "cause and prejudice" test with respect to each claim presented. *Jones*, 211 Ill. 2d at 148-49. However, in the instant case, not only were the allegations in defendant's petition either waived or *res judicata*, defendant made no attempt to recognize, address or satisfy the "cause and prejudice" test, which is a prerequisite for successive post-conviction relief. *People v. Jones*, 211 Ill. 2d 140, 148-49 (2004).

The record reflects the experienced trial judge followed the provisions of the Post-Conviction Hearing Act (Act), together with sections 22-105 of the Civil Code of Procedure and 27.2a of the Clerks of Court Act in properly finding the successive petition frivolous. Based on the Act and those provisions, the trial judge provided in writing that defendant's petition satisfied the specific criteria under section 22-105, which rendered defendant's successive petition frivolous.

18

1-06-0210

The Act provides a procedural mechanism by which a criminal defendant can allege a substantial denial of constitutional rights in the proceedings which resulted in conviction. 725 ILCS 5/122-1 (West 2000). Under the Act the petitioner is given an opportunity to be heard at a meaningful time and in a meaningful manner. See *In re Phillip C.*, 364 Ill. App. 3d 822, 831 (2006) (statute satisfies procedural due process by providing opportunity to be heard at a meaningful time and in a meaningful manner). Under the language of the Act, the legislature demonstrated its intent to protect the courts from burdensome and frivolous litigation as provided by section 122-4 in relevant part as follows:

> "A petitioner who is a prisoner *** who files a pleading *** that
>
> purports to be a legal document seeking post-conviction relief ***
>
> against the State *** in which the court makes a specific finding
>
> that the pleading *** is frivolous shall not proceed as a poor
>
> person and shall be liable for the full payment of filing fees and
>
> actual court costs ***." 725 ILCS 5/122-4 (West 2000).

As noted in *Gale*, similar to the above provision which discourages frivolous post-conviction pleading and litigation, the legislature has discouraged frivolous petitions by prisoners for *habeas corpus*, *mandamus* and section 2-1401 relief. *Gale*, slip op. at 23, citing *People v. Anderson*, 352 Ill. App. 3d 934, 946 (2004); 735 ILCS 5/22-105 (West 2002) (allowing for assessment of filing fees and court costs against prisoners for frivolous pleadings); 730 ILCS 5/3-6-3(d) (West 2002) (allowing revocation of prisoner's good-time credits for filing frivolous pleadings); *Mason v. Snyder*, 332 Ill. App. 3d 834, 845 (2002); *Helm v. Washington*, 308 Ill. App. 3d 255, 259 (1999).

19

In the instant case, defendant had his opportunity for trial, for appeal, for filing his initial post-conviction petition, for appeal of the dismissal of that petition, for filing a successive post-conviction petition and for appeal of the dismissal of that successive petition. The record reflects defendant had more than an adequate opportunity to be heard at a meaningful time and in a meaningful manner. In no way did the assessment of the $90 fee curtail or limit his opportunity to be heard at a meaningful time and in a meaningful manner. Defendant has not demonstrated what more process is "due." See *Phillip C.*, 364 Ill. App. 3d at 832 (and cases cited therein).

Section 22-105 requires a defendant to pay fees only if the funds exist in his prison trust fund. The record reflects that section 22-105 does not present a "pecuniary punishment" for indigent petitioners attempting to exercise a state-granted post-conviction remedy. "Rather, it simply charges fees and costs to the prison trust fund accounts of all prisoners regardless of financial status and only if these funds exist, but ultimately never prohibits them from exercising their post[-]conviction relief rights." *Gale*, slip op. at 24. For the reasons previously discussed, we find no substantive or procedural due process violation.

### B. Equal Protection

Defendant argues that by "targeting 'prisoners' to the exclusion of other indigent petitioners, section 22-105 violates the equal protection clause." Defendant contends "there is no compelling reason or rational basis for deterring only prisoners from filing frivolous post-conviction petitions." Based on the principles previously recognized, we apply the rational basis test in addressing defendant's equal protection argument. We conclude the statute at issue has a rational relationship to a legitimate State objective. As we recognized in *Hunter*, a

20

prisoner is free to file whatever legal documents he so chooses without being assessed an initial filing fee. *Hunter*, slip op. at 16. We rejected this same equal protection challenge in *Hunter* as follows:

> "Section 22-105 assesses filing fees and costs if the documents being filed are later found to be frivolous. Therefore, we find that the assessments bear a rational relationship to the State's legitimate interest in discouraging frivolous claims and compensating the courts for the expenses of processing and disposing of such claims. See [*People v. Anderson*, 352 Ill. App. 3d 934, 946 (2004)]; see also [*Crocker v. Finley*, 99 Ill. 2d 444, 454 (1984)]. Accordingly, we find that fees and costs imposed under section 22-105 do not violate the equal protection clause." *Hunter*, slip. op. at 16-17.

The Illinois Post-Conviction Hearing Act, together with sections 22-105 and 27.2a(g), does not deprive indigent prisoners of pursuing a meritorious post-conviction claim; rather, all petitions are reviewed for merit before proceeding to the stage requiring the receipt of proof and appointment of counsel. 725 ILCS 5/122-1 (West 2000). Section 27.2a(g) as applied to section 22-105 provides for court costs when a prisoner files a frivolous post-conviction petition. Indigent, as well as nonindigent, petitioners are equally subject to application of the Post-Conviction Hearing Act. In *People v. Jones*, 168 Ill. App. 3d 925, 932 (1988), this court expressly found the Act did not violate the equal protection clause of the Constitution because the threshold requirement that all petitioners demonstrate a meritorious claim applied equally to

21

both indigent and nonindigent petitioners. Section 22-105 provides a mechanism by which a prisoner can be billed for court costs through his prison account on an incremental basis after the court enters a written finding indicating the prisoner's pleading was in fact "frivolous" as defined in subsection (b) of 22-105.

In applying the rational basis test under an equal protection analysis, we note that, while this principle requires the government to treat similarly situated individuals in a similar fashion, it does not prevent the government from drawing distinctions between different categories of people in enacting legislation. *Gale*, slip op. at 24, citing *People v. Coleman*, 111 Ill. 2d 87, 95 (1986). The statute at issue must only have a rational basis for distinguishing the category of people to which it applies from the category of people to which it does not apply. *People v. R.L.*, 158 Ill. 2d 432, 443 (1994), citing *People v. Shephard*, 152 Ill. 2d 489, 500 (1992).

Defendant contends that "[t]hough the State's interest in deterring frivolous lawsuits may be compelling, there is no compelling reason for acting to deter only *prisoners* from exercising their post-conviction rights, without also deterring probationers and persons on mandatory supervised release." We rely on the well-reasoned and logical principles articulated in *Gale* to reject defendant's argument and conclude as follows:

> "However, defendant's assertion that this violates equal protection
>
> because it does not apply to probationers and *** [mandatory-
>
> supervised releasees] is incorrect. It is true that probationers and
>
> [mandatory-supervised] releasees, along with those released on
>
> appeal bond and those released from incarceration after filing a
>
> post[-]conviction petition, and of course prisoners, all may avail

22

themselves of post[-]conviction relief. See *People v. West*, 145 Ill. 2d 517, 518-19 (1991) (though Post-Conviction Hearing Act states that relief may be sought by those 'imprisoned in the penitentiary,' our case law has indicated that imprisonment is not prerequisite). Yet, while post[-]conviction relief does not belong exclusively to prisoners, our very experience has demonstrated to us that it is, overwhelmingly, prisoners who are filing post[-]conviction petitions rather than any other category of people. It stands to reason, then, that the incidence of frivolous petitions is considerably higher among prisoners, as they are more likely to file petitions as a whole. This, coupled with the legislature's concern with the sheer number of petitions that may be filed under the various statutory provisions allowing for post[-]conviction relief as we discussed earlier, clearly presents a more than reasonable basis for distinguishing between prisoners, to which section 22-105 applies, and others seeking similar relief such as probationers and releasees, to which it does not." *Gale*, slip op. at 25-26.

Defendant further argues that "section 22-105, which imposes a costs penalty without regard to the number of previous post-conviction filings, can hardly be considered narrowly tailored." We are mindful that the legislature must employ the least restrictive means to achieve a compelling state interest if a fundamental right or suspect classification is involved. *People v. Cornelius*, 213 Ill. 2d 178, 204 (2004). However, as previously noted, the statute in the instant

23

case involves neither a fundamental right nor a suspect classification; accordingly, it is not subject to a strict scrutiny analysis, which would require a demonstration that the statute is narrowly tailored to achieve a compelling state interest. *Gale*, slip op. at 26 ("section 22-105, which does not involve a suspect classification or a fundamental right, is not subject to a strict scrutiny analysis which would require a review of whether it is narrowly tailored but, rather, a rational basis analysis which requires only that the means the statute employs are rationally related to its purpose"). We reject defendant's argument that section 22-105 need be narrowly tailored to achieve a compelling state interest.

Moreover, in the instant case, the fees and court costs were imposed on a successive petition. The fee is properly assessed when imposed after the court finds the post-conviction petition frivolous because it bears a rational relationship to the State's legitimate interest in reducing frivolous successive post-conviction claims by prisoners and compensating courts for undertaking the expense of resolving such frivolous claims. For the reasons previously discussed, we reject defendant's argument that section 22-105 violates equal protection.

### III. Mittimus Corrected

The record reflects the defendant is entitled to seven additional days of pretrial credit. We order the clerk of the circuit court to correct defendant's mittimus to reflect a total credit of 353 days' time considered served, time actually served.

### CONCLUSION

The enactment of section 22-105 demonstrates the legislature's concern about the number of pleadings, motions and other filings that could be filed seeking post-conviction relief. *Gale*, slip op. at 26. Section 22-105 does not distinguish between those who have filed one or more

than one post-conviction petition, and regardless of how many such petitions are filed, each and every petition is always first reviewed to determine whether it is frivolous. *Gale*, slip op. at 26. In the instant case, the trial court determined defendant's successive post-conviction petition was frivolous. Upon finding the petition frivolous, the trial court was authorized by statute to assess $90 in fees and costs for defendant's frivolous successive post-conviction petition pursuant to section 22-105(a) (735 ILCS 5/122-105(a) (West 2004)) and section 27.2a(g)(2) (705 ILCS 105/27.2a(g)(2) (West 2004)). This assessment did not violate defendant's constitutional due process or equal protection rights.

For the reasons previously discussed, we affirm the judgment of the trial court assessing $90 in fees and court costs against defendant upon finding defendant's successive post-conviction petition frivolous.

Affirmed; mittimus corrected consistent with the above opinion.

FITZGERALD SMITH, P.J., and GALLAGHER, J., concur.